INEZ I. GERLING ET AL., EXECUTORS, *vs.* BENJAMIN F. WYAND ET AL.

*Equitable Reconversion—Evidence of Election.*

The party entitled to the proceeds of land directed to be converted by sale may elect to take the property in its original actual state, and thereby annul the prior conversion, and so reconvert the gift and hold it in its natural quality of land.
p. 121

One who is the only party beneficially interested in the property involved, and who is *sui juris,* or at least not subject

to any incapacity which would prevent him from effectively
dealing with his own property, may make his election to recon-
vert by an express declaration of his intention in words, or by
any decisive act or writing which shows a clear intention to
possess the property in its natural form.          p. 121

That one entitled to the entire proceeds of a sale of land,
which testator directed to be made by his executor, refrained
from procuring administration on testator's estate so that a
sale might be effected, made immediate entry on the land and
received the rents and profits, and retained the land until her
death, over seven years later, showed an election on her part
in favor of reconversion.                          p. 122

*Decided January 15th, 1925.*

Appeal from the Orphans' Court of Washington County.

Proceedings by Inez I. Gerling, William D. Van Valken-
berg, and the Maryland Surety and Trust Company, execu-
tors of Anna M. Van Valkenberg, deceased, for the sale of
certain land. From an order sustaining exceptions by Ben-
jamin F. Wyand and Catherine Wyand as purchasers, to a
sale made by said executors under a testamentary power, the
executors appeal. Reversed.

The cause was argued before BOND, C. J., URNER, ADKINS,
OFFUTT, DIGGES, PARKE, and WALSH, JJ.

*J. A. Mason,* with whom were *W. P. Lane, Jr.,* and *R. H.
Sweeney* on the brief, for the appellants.

*Scott M. Wolfinger,* submitting on brief, for the appellees.

PARKE, J., delivered the opinion of the Court.

The appellees, Benjamin F. Wyand and Catherine Wyand,
excepted to the ratification of the sale of a farm to them by
the appellants, the executors of Anna M. Van Valkenberg, on
the ground that the testatrix did not hold it by a good title at
the time of her death, and the Orphans' Court of Washington

County sustained the exception. The question for review is presented by an agreed statement, and by the other facts contained in the brief of the appellants, which counsel for the respective parties have requested shall be taken as part of the record.

The title of Anna M. Van Valkenberg was derived from the will of her father, William W. Walker, who died in Washington County in July, 1889, owning in fee-simple the farm and other real estate in Washington County, Maryland. He was survived by his widow, Anna M. Walker, and his daughter, Anna M. Van Valkenberg, who was his only heir at law. The will of the testator devised his real and personal estate to his wife for her life or widowhood, with full power, during the period of her enjoyment, to sell and convey absolutely or to mortgage or lease any or all of his property, and to invest the proceeds with the same absolute control of the property as the testator enjoyed while living, and also with the privilege of consuming so much of his estate as she might desire.

The fourth paragraph of the will conferred power upon the executrix to sell and convey any part of his realty, if it should become necessary in the settlement of the estate, but no occasion for the sale of the land arose. The claims of his creditors, after the required notice had been given, were paid, and the estate was settled in due course by his executrix, who was the widow.

The widow did not marry, and died on February 2nd, 1912, intestate, with Anna M. Van Valkenberg surviving her as her only child and heir at law, and without having leased, mortgaged, sold or conveyed any of his land.

By the second item of the will the property in question, on the death of the widow without remarrying, was given by the testator in these words:

"to my children, then living, and to the issue of such of my children as may have died; the issue of said deceased children to take only the share or respective shares which the parent or respective parents, if living, would have taken. But in the event that at the

time of her death, unmarried, none of my children or
their descendants, be living, then I will and direct
that all of such unconsumed property go to my broth-
ers and sisters, then living, and to the issue of such
of my deceased brothers and sisters as may have died,
the issue of such deceased brothers or sisters to take
only the share the parent would have received, if liv-
ing."

The fifth item of the will provided for a sale of the realty
in this form:

"Item 5. It being my will and desire that on the
death or remarriage of my wife all of my property,
then remaining, be sold, and the money distributed
as hereinbefore indicated in each of said contingen-
cies, I hereby clothe my executrix, as also any other
person whom the court may appoint to settle said
estate, with full power and authority to sell the same
and execute the conveyances necessary."

On the death of his widow in 1912 there was no further
administration on his estate. All of his property had been
given by the terms of the will to Anna M. Van Valkenberg,
and she took full and complete possession of the land immedi-
ately upon her mother's death, and, from that time until her
own death in October, 1919, Anna M. Van Valkenberg held
this real estate and the rents and profits thereof, in the exer-
cise and enjoyment of an absolute and beneficial possession
and ownership; and upon her death testate, she directed it
to be sold by her executors for the purpose of distributing it,
along with all her other property, between her son and daugh-
ter. These two children and the Maryland Surety and Trust
Company are her executors, and the appellants, having sold
the land in controversy to the appellees.

The Orphans' Court of Washington County was convinced
that the fifth item of the will was mandatory and irrevocably
converted the testator's realty into personalty, and that,
therefore, the sole beneficiary under the will at the death
of the widow could not take the title to the land, but only a

fixed interest in the proceeds thereof as personalty.  If this opinion be correct, there must be a further administration on the estate of William W. Walker to make a sale of the land and a distribution of its proceeds, under the jurisdiction of the orphans' court.

While it is quite true that upon the equitable principles of conversion the direction in the will, that the real estate be sold on the death or remarriage of the widow for the purpose of distribution, worked a constructive change of the realty into personalty, yet, on the facts, this case is governed by the correlative doctrine of reconversion, whereby the party entitled to the proceeds of such sale of land may before the sale thereof elect to take the property in its original actual state, and thereby annul the prior conversion, and so reconvert the gift and hold it in its natural quality of land.  *Snell's Equity,* chapter 10; 2 *Woerner on American Law of Administration* (3rd Ed.), secs. 342, 728; 1 *Jarman on Wills* (6th Ed.), pp. 592-596, 562-568; 1 *Williams on Executors* (7th Am. Ed.), pp. 783 (n), 801; 2 *Story's Equity* (14th Ed.), sec. 1095; 3 *Pomeroy's Eq. Juris.* (3rd Ed.), secs. 1175-1177, and see *Small v. Marburg,* 77 Md. 11, 20-21; *Booth v. Eberly,* 124 Md. 22, 27; *Cronise v. Hardt,* 47 Md. 433, 436-437.

If the party is the only one in beneficial interest in the property involved, and he is *sui juris,* or at least not subject to any incapacity which would prevent him from effectively dealing with his own property, he may make his election by an express declaration of his intention in words, or by any decisive act or writing which shows a clear intention to possess the property in its natural form.  *Supra.*  All these requisites were present in the case at bar.

At the death of her mother, Anna M. Van Valkenberg had the personal capacity, and was the owner of the whole absolute interest in possession in the land to be sold, and so she alone had the privilege of an election to take the land itself, and this election to reconvert she sufficiently made, as was clearly and unquestionably manifested:  (1) by not ad-

ministering or procuring an administration on her father's estate so as to exercise the power of sale of the land that was conferred by his will; (2) by making an immediate entry on the land, and thereafter leasing it and receiving the rents and profits thereof; and (3) by retaining the land until her death, when by virtue of the provisions of her will it was sold by her executors for distribution among the beneficiaries of her bounty. *Supra.*

The circumstances of this case exemplify the practical wisdom of the doctrine of reconversion.

The legal title of the realty under consideration had devolved by law upon the only heir at law, Anna M. Van Valkenberg, who held this bare legal title in trust for herself, as the sole owner in possession of the equitable or beneficial interest in the proceeds of sale of this self-same realty, until the exercise of the power of sale by an administrator *de bonis non cum testamento annexo,* who would be herself, by favor of law, subject to the nomination by the orphans' court, and whose single function would be to sell and to transfer the net proceeds, from herself as administratrix d. b. n. c. t. a. to herself as sole legatee. By reconversion equity has found and formulated a rule which is only a consequence of "the right which every absolute owner or donee has to dispense with or forbid the execution of any trust in the performance of which he alone is interested." *Supra.*

As a necessary consequence of our views, the lower court was in error in not ratifying the sale, and its order of June 20th, 1924, sustaining the exceptions, must be reversed.

> *Order reversed, and cause remanded for an order to be passed conforming to this opinion, with costs to be paid by the appellees.*