Battle, J.
 

 The proceeds of land sold for partition under the provisions of the Revised Statutes, ch. 85, sec.
 
 1,
 
 (Revised Code, ch. 82, sec. 7,) to which an infant is entitled, remain real estate until he or she comes of age and elects to take them as money.
 
 Scull
 
 v.
 
 Jernigan,
 
 2 Dev. and Bat. Eq. 144;
 
 Dudley
 
 v.
 
 Winfield,
 
 Bus. Eq. 91. In the present case the plaintiff came of age before she married, but there is no testimony to show that she elected to take the proceeds of her land as money; on the contrary, it appears that her guardian had wasted them, and she and her husband were compelled to sue upon the guardian-bond for the purpose of recovering them. At the time when the amount recovered was received by her husband, she had no power, by her election, except upon her privy examination, to change the quality of the money from realty to personalty; because she was then under coverture. The money being hers, the slave in which her husband invested a portion of it became her property, still retaining, as between her and him, the quality of real estate. The identity of the money with which the slave was purchased and paid for, the testimony establishes beyond all doubt. Her right to follow the fund is a clear and well established principle of equity. See
 
 Black
 
 v.
 
 Ray,
 
 1 Dev. and Bat. Eq. 443, which cites
 
 Ryall
 
 v.
 
 Ryall,
 
 1 Atk. 59. The husband was entitled to the use of the slave during his life, but upon his death, the woman, and child which she had borne, belonged to the plaintiff, and she had the right to claim them from the defendant as the administrator of her husband. But, as he sold them, and has the proceeds in his hands, she may assent to the sale and demand the money. This, by her bill, she has done; and to that extent she lias a right to have, the decree, made in her favor in the Court below, affirmed. As to the residue of the money received by her husband from the proceeds of her land, and of which she cannot show the application by him., she has, indeed, a qlaim for it, against his es-
 
 *39
 
 fate, but it is only in the capacity of a simple contract creditor.
 
 Benbury
 
 v. Benbury, 2 Dev. and Bat. Eq. 235. The decree, therefore, so far as it adjudges that this claim has the dignity of a bond debt, must be reversed. It is admitted by the counsel on both sides that there are bond debts outstanding against the estate of the intestate, more than sufficient to absorb all the assets in the hands of the defendant as his administrator. The decree in this Court must, therefore, be reformed in accordance with this opinion.
 

 The reversal of the decree, in part, entitles the defendant to the costs of this Court.
 
 Harris v.
 
 Lee, 1 Jones’ Rep. 225.
 

 Pee Cuetam. ■ Decree accordingly.