The plaintiffs in this suit are the heirs at law of ___________ Macay, an infant child of William S. and Margaret I. Macay, who died before it was named. Isabella, the mother of Margaret Macay, and (272) grandmother of the said infant, was the wife of Richard Lowery. She died seized of a tract of land in the county of Rowan, and, at her death, it descended to her daughter, Margaret I., then under age. At September Term, 1838, of Rowan County Court, Richard Lowery filed a petition for the sale of this land, in his own name, as tenant by the courtesy and as the guardian of his daughter Margaret, and obtained a decree for the same. Upon the sale of the land the purchase money ($756.66) was paid by the clerk and master to Richard Lowery, who executed a bond for the payment of the money to his daughter Margaret when his life interest therein should terminate. Lowery kept this money until his death, which occurred in 1854. In the meantime Margaret I., his daughter, had intermarried with William S. Macay, the defendant Reeves' testator, and died under 21. Her child, the said infant, survived her but a short time. After the death of Richard Lowery the administrator of Mrs. Macay brought suit upon the bond against the administrator of Lowery, and recovered the money, and paid it to William S. Macay, who retained the same until his death in 1856. This suit is brought by the heirs at law of the said infant against the executor of William S. Macay to recover this money.
The defendant demurred, and the cause was removed to this Court by Consent.
Bateman v. Latham, 56 N.C. 35, is a direct authority in favor of the claim of the plaintiffs. The fund received by the defendant's testator, though retaining the character of real estate so far as its devolution and transfer are concerned, nevertheless went into his hands in the form of money, and as such passed into the hands of the (273) defendant as his executor. The right of the plaintiffs to follow the fund necessarily requires that they should be allowed to recover it from him or them who, at the time, may have it in possession, and in the present case that is the executor, and not the heirs at law of William S. Macay.
PER CURIAM. Demurrer overruled.
Cited: Whitley v. Foy, 59 N.C. 37; Grier v. McAfee, 82 N.C. 192.