# Bernard Brockley's Appeal.

A testator by will gave all of his property, real and personal, to his wife, giving her full power and authority to sell the whole or any part of the real estate, with provision for division of any of the estate left after her death. The wife rented and sold the real estate, but did not consume the proceeds. On her death, the estate was distributed under the will. Exceptions by the next of kin of the widow were dismissed. (Following Follweiler's Appeal, 102 Pa. 581.)

(Decided May 31, 1886.)

Cited in Schmid's Estate, 182 Pa. 267, 271, 40 W. N. C. 514, 37 Atl. 928.

NOTE.—BROCKLEY'S APPEAL is fully discussed in Schmid's Estate, 182 Pa. 267, 40 W. N. C. 514, 37 Atl. 928, in which the sale did not occur until after the decease of the wife, by order of the orphans' court. It was held that no conversion was worked, and that the proceeds passed to the testator's heirs. See also Greenough v. Small, 137 Pa. 136, 21 Am. St. Rep. 859, 20 Atl. 553; Wentz's Appeal, 126 Pa. 541, 17 Atl. 875; Scott's Estate, 137 Pa. 454, 20 Atl. 623; Taylor v. Bell, 158 Pa. 651, 38 Am. St. Rep. 857, 28 Atl. 208.

When the first devisee has the absolute right to dispose of the property in his own unlimited discretion, and not a mere power of specifying who may take, it amounts to an unqualified gift; and any estate over is inconsistent therewith and consequently void. 2 Redf. Wills, 277; 1 Jarman, Wills, Perkins' ed. 677, note 2; Lynde v. Estabrook, 7 Allen, 68; Fiske v. Cobb, 6 Gray, 144.

The exclusion of the devise over depends upon whether the first taker has an absolute right to dispose of the property. Ide v. Ide, 5 Mass. 500; Timewell v. Perkins, 2 Atk. 102; Burbank v. Whitney, 24 Pick. 146, 35 Am. Dec. 312; Melson v. Cooper, 4 Leigh, 408; Jackson ex dem. Livingston v. De Lancey, 13 Johns. 537, 7 Am. Dec. 403; Barnard v. Bailey, 2 Harr. (Del.) 56.

Words in a devise which imply a power of alienation by the devisee, and consequently an absolute ownership repugnant to the limitation, are destructive of such limitation. Jackson ex dem. Allen v. Bell, 19 Johns. 168.

The words "if any remains" in the devise over implies an intention to authorize the legatee to dispose of the property absolutely and without limitation. Ramsdell v. Ramsdell, 21 Me. 288.

The words in a will "and at her death, should anything remain," clearly intend that the tenant for life might, prior to her death, dispose of the property devised to her for life. Clark v. Middlesworth, 82 Ind. 240; Andrews v. Bank of Cape Ann, 3 Allen, 313.

The words "whatever shall remain" imply that the legatee had power to

Appeal from a decree of the Orphans' Court of Lancaster County dismissing exceptions to the report of an auditor distributing a decedent's estate. Affirmed.

The auditor found the following facts:

Joseph Brogly died November 2, 1880, leaving a will in which he provided: "I give and bequeath unto my dear wife, Konigunda, all my estate, real and personal, and wheresoever found at the time of my death, giving her full power and authority to sell the whole or any part of my real estate, and execute deed or deeds therefor. And in case any of my said estate be left after the death of my said wife, I order it to be divided as follows," etc.

---

dispose of the property, and are inconsistent with the supposition that the whole should remain undiminished for the purpose of satisfying the gift over. Harris v. Knapp, 21 Pick. 416; McKenzie's Appeal, 41 Conn. 607, 19 Am. Rep. 525; Atty. Gen. v. Chelsea Waterworks, Fitzg. 114.

Where the devise to the wife was "for her own personal and independent use and maintenance with full power to sell or otherwise dispose of the same, . . . if she should require it or deem it expedient to do so," it is a *conditional* power of disposal which cannot operate to enlarge the estate to a fee. Terry v. Wiggins, 47 N. Y. 512; Burleigh v. Clough, 52 N. H. 267, 13 Am. Rep. 23.

But where a testator gives to his wife his whole estate "to be enjoyed by her for her sole use and benefit," with no words of qualification, she is put in the place of the testator as to title and all rights and privileges belonging to the estate. Campbell v. Beaumont, 91 N. Y. 464.

The remainder over is contingent on its not becoming necessary to exercise that power. Johnson v. Battelle, 125 Mass. 453.

An absolute disposal of property to the wife may be qualified by subsequent words which indicate an intention to create a life estate only; as, words devising a remainder. Smith v. Bell, 6 Pet. 68, 8 L. ed. 322.

So the words "during her natural life" qualify the power of disposal given by the will. Boyd v. Strahan, 36 Ill. 355.

The words "to have and to hold during her life, and to do with as she sees proper before her death," confer only a life estate. Brant v. Virginia Coal & I. Co. 93 U. S. 326, 23 L. ed. 927.

Where testator gave all his personal estate to his wife absolutely, the remainder after her decease to go to his son, she took a life estate only. Smith v. Bell, 6 Pet. 68, 8 L. ed. 322.

Under a similar provision, it was held that the widow could not mortgage the land unless it was necessary for her support. Paine v. Barnes, 100 Mass. 470.

The testator's wife and five children survived him. No executor was named in the will, and letters of administration *c. t. a.* were granted to the testator's son, John P. Brockley, who was one of the beneficiaries named in the will.

The widow afterward sold the real estate to John P. Brockley, left the purchase money in his hands, took from him a lease for life at nominal rent, and died intestate. At the audit of his administration account, John P. Brockley was surcharged with the purchase money and rents collected for the widow, and the same was by the auditor recommended to be distributed as part of the testator's estate.

To the report of the auditor exceptions were filed by the next of kin of the deceased widow, on the ground that the auditor erred in deciding: (1) That the purchase money and rents belonged to the testator's estate; (2) in deciding that there was no conversion of property; (3) in distributing the fund according to the will; (4) and not equally among the heirs of the decedent and the widow, under the intestate laws.

The court dismissed the exceptions and confirmed the report. Whereupon the exceptant appealed, and assigned as error the decree of the court dismissing the exceptions.

*Benjamin F. Davis,* for appellant.—Some difference in spelling the family name will be noticed. In this we have followed the will and the methods adopted by the parties. A devise of an estate generally or indefinitely, with a power of disposition over it, carries a fee. Second Reformed Presby. Church v. Disbrow, 52 Pa. 219; Musselman's Estate, 39 Pa. 473; Jauretche v. Proctor, 48 Pa. 466; Post v. Dillon, 8 Phila. 31; Smith v. Fulkinson, 25 Pa. 109.

In Follweiler's Appeal, 102 Pa. 581, the will worked no conversion. The executors were not authorized to sell the land, no power of disposal was given to the life tenant, and it was sold by order of court.

*D. P. Rosenmiller* and *Emlen Franklin,* for appellee.—The proceedings in this case are in the estate of Joseph Brogly, and

not that of his widow.   The position of the appellant is therefore inconsistent.

Follweiler's Appeal, 102 Pa. 581, rules this case.

PER CURIAM:

There is no error in this decree.   It is ruled by Follweiler's Appeal, 102 Pa. 581.

Although Mrs. Brogly did sell the real estate under a power given in the will of her husband, yet it is found as a fact that she did not use any part of the proceeds.   She therefore held them as she had held the land, and, in the language of the will, they were "left" as a part of the estate of her husband.

Decree affirmed and appeal dismissed, at the costs of the appellant.