## ESTATE OF JAMES D. SCOTT, DECEASED.

### APPEAL BY WM. H. SCOTT ET AL. FROM THE ORPHANS' COURT OF FRANKLIN COUNTY.

Argued June 2, 1890—Decided October 6, 1890.

1. On the distribution of the estate of a decedent, the fund embracing the proceeds of real estate sold by the administrators under the order of the Orphans' Court in partition, the share of a married daughter dying after the confirmation of the sale, delivery of the deed, and before distribution, is personalty.
2. Such share is distributable to the administrator of the deceased daughter, and he being her husband, is nevertheless not required to give security, under § 48, act of March 29, 1832, P. L. 205, for the payment of the principal thereof, at his death, to the heirs at law of his deceased wife.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 10 May Term 1890, Sup. Ct.; court below, number and term not given.

On March 26, 1889, William H. Scott and William M. Kaufman filed the account of their settlement of the estate of James D. Scott, deceased, which account after confirmation was referred to *Mr. Walter K. Sharpe*, as auditor to report a distribution.

The auditor subsequently reported, finding as facts that James D. Scott died resident at Chambersburg on January 18, 1887, intestate, leaving to survive him a widow and four children, to wit, William H., George W., Mary C., intermarried with William M. Kaufman, and Clara Scott. Letters of administration upon his estate were granted to the accountants on January 27, 1887. On May 10, 1887, upon the petition of the heirs, proceedings in partition of the real estate of the deceased were begun in the Orphans' Court, and so proceeded in that sales thereof were made by the administrators, as trustees, which sales were all confirmed on October 25, 1887, and the administrators directed to make deeds to the purchasers. On November 3, 1887, Clara Scott was married to Alexander Linn,

and on various dates between November 4, 1887, and April 2, 1888, the deeds for the real estate sold were all delivered by the administrators to the purchasers, each deed containing a charge protective of the statutory interest of the widow, who at the date of the distribution by the auditor was still living. Mrs. Clara Scott Linn died on April 3, 1888, intestate and without issue, and letters of administration upon her estate were granted to Alexander Linn, her husband. The account adjudicated embraced both the personal and the proceeds of the real estate of the decedent, but the personal estate was exhausted by the payment of the debts and the expenses of settlement of the estate. No claim was made that there were debts held against the estate of Mrs. Linn.

Upon the foregoing facts, considering § 48, act of March 29, 1832, P. L. 205; § 9, act of April 11, 1848, P. L. 537; Kann's Est., 69 Pa. 224; Biggert's Est., 20 Pa. 17; Nissley v. Heisey, 78 Pa. 418; Wentz's App., 126 Pa. 541; Hay's App., 52 Pa. 450, the auditor concluded as matter of law:

7. That one fourth of the net balance for distribution was distributable to Alexander Linn, administrator of Clara Scott Linn.[1]

8. That Alexander Linn, the husband and administrator of Clara Scott Linn, was entitled to the whole of her share, not only as her administrator, but absolutely in his own right as her husband, it descending to him under § 9, act of April 11, 1848, P. L. 537.[2]

The auditor thereupon reported a distribution accordingly.

To said report, the other distributees filed exceptions, alleging that the auditor erred:

4, 5. In his said conclusions of law.[1] [2]

6. He should have awarded the share of Clara Scott Linn, deceased, to Alexander Linn for life, and at her death the principal sum to the heirs at law of said Mrs. Linn.[3]

After argument, SADLER, P. J., citing Barley v. Zeigler, 16 W. N. 218, and Wentz's App., 126 Pa. 541, dismissed the exceptions filed, confirmed the auditor's report, and entered a decree of distribution in accordance therewith.[4]

Thereupon the exceptants took this appeal, specifying that the court erred:

Opinion of the Court.

1–3. In dismissing the exceptions filed.[1 to 3]

4. In the decree confirming the report, etc.[4]

*Mr. D. W. Rowe* and *Mr. Alex. Stewart*, for the appellants.

That Mrs. Linn's share should have been treated as real estate, and as such distributed to her heirs, and not to her administrator or husband as personalty, because, under the circumstances, the transmission from Mrs. Linn was the first transmission, counsel cited: Biggert's Est., 20 Pa. 17; § 48, act of March 29, 1832, P. L. 205; Hay's App., 52 Pa. 449; Beyer v. Reesor, 5 W. & S. 501; Gutshall v. Goodyear, 107 Pa. 123; § 1, act of March 27, 1865, P. L. 45; § 1, act of April 13, 1869, P. L. 28; Brooks v. Smyser, 48 Pa. 86; Robinson's App., 62 Pa. 213, 217; Kann's Est., 69 Pa. 224; Dyer v. Cornell, 4 Pa. 363.

*Mr. W. U. Brewer*, for the appellee.

That Mrs. Linn's share was personalty at the time of her death, counsel cited: Biggert's Est., 20 Pa. 17; Bigley v. Jones, 114 Pa. 510; Wentz's App., 126 Pa. 541; Spangler's App., 24 Pa. 424; Nissley v. Heisey, 78 Pa. 418; Barley v. Zeigler, 16 W. N. 218; Sayers's App., 79 Pa. 428; Grider v. McClay, 11 S. & R. 224.

PER CURIAM:

When Clara Scott Lynn died, the real estate which she inherited from her father had been sold under proceedings in partition, the deeds had been made to the respective purchasers thereof, and the contention now is whether the purchase money for said real estate shall be paid to her administrator, who is her husband, or to her heirs at law. The auditor and the court below awarded it to her administrator, upon the ground that it was personalty; the appellees contend that it should have been distributed to them as the heirs at law of Clara, because it was real estate.

I presume no one will contend that if Clara had sold her undivided interest in her father's real estate at private sale, and taken a bond and mortgage for the purchase money, the bond and mortgage thus taken would have been real estate. Does it make any difference that her interest was

sold under proceedings in partition? Granted that, as to the proceeds of the sale under the partition, they descended or were distributed as realty; that Clara took or was entitled to take the same as realty; yet, in her hands, the same became personal estate, and those who take by descent from her take it as money. It was said by our Brother MITCHELL in Wentz's App., 126 Pa. 541: "It is not uncommon to say that the proceeds of real estate remain realty, but the expression is not accurate. The money never is real estate, in law any more than in fact, but for certain purposes, and within certain limits, it is treated as if it was real estate. The purpose is to preserve the inheritable quality of the estate, so that the title may not be diverted from the previous owner, and the limit is the first devolution." This is settled law.

The first devolution here was to Clara Linn. In the distribution of the estate of her father, James D. Scott, the money derived from the sale of his real estate must be distributed to his children as real estate, not as money; that is to say, they take the money as they would take the land. This was the first devolution. But in the hands of Clara, it was as clearly money as if it had been sold by her at private sale, and her administrator is entitled to the money. The act of March 29, 1832, has no application.

> The decree is affirmed, and the appeal dismissed at the cost of the appellant.

