Estate of Marks Schmid, deceased. Appeal of Frank M. Dunlap.

[Marked to be reported.]

*Decedents' estates—Orphans' court sales—Conversion.*

An orphans' court sale does not divest the title of the heirs until after confirmation thereof and conveyance delivered under the order of the court. The sale, even after confirmation, does not divest the title of the heirs of the decedent, for it remains in the power of the court until a deed has been executed and delivered. Until then no conversion takes place, and if the heir of the decedent dies, even subsequently to the confirmation of the report of sale, but before the deed, his interest descends as land, and not as money.

*Will—Life estate—Conversion—Orphans' court sales.*

Testator by his will directed as follows : " And the residue of my estate, real and personal, and wheresoever found, I give and bequeath unto my dear wife, giving her full power and authority to sell the same and execute deed or deeds therefor, and if any of the same be left after her death, I order it to be divided amongst my children share and share alike." The widow did not sell any of the real estate during her life. After the widow's death there were several orphans' court sales of the real estate, all of which were confirmed ; but before the deeds were delivered, one of testator's children died leaving a husband, but no children. *Held,* (1) that the widow took an estate for life in the realty ; (2) that, as the lands were unsold at her death, they were subject to the operation of the husband's will ; (3) that the share of the deceased daughter passed as real estate to her husband for life under his curtesy.

Argued May 19, 1897. Appeal, No. 158, Jan. T., 1897, by Frank M. Dunlap, from decree of O. C. Lancaster Co., dismissing exceptions to auditor's report. Before STERRETT, C J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Exceptions to auditor's report, distributing the balance in the hands of the administrators of Marks Schmid's estate.

The case was referred to B. C. Kready, Esq., who reported as follows :

Marks Schmid died June 24, 1890, leaving a will, in which, among other things, he provides as follows : " And the residue of my estate, real and personal, and wheresoever found, I give and bequeath unto my dear wife, Fredericka, giving her full

power and authority to sell the same and execute deed or deeds therefor, and if any of the same be left after her death, I order it to be divided amongst my children, share and share alike ; " and of his said last will and testament, he appointed his wife, Fredericka, executrix.  The widow; Fredericka Schmid, died June 6, 1895, leaving a last will and testament.  After the death of the widow, letters of administration, with the will annexed, on the estate of Marks Schmid, were granted to Henry Smith and Martin Smith.

At the time of the testator's death, and at the time of the death of his widow, the following children were living, to wit : Anna Mary Pachelbel, wife of Otto Pachelbel, Henry Smith, Martin Smith, Carolina Hoefel, wife of Christian Hoefel, Catharine Merz, wife of Charles Merz, Elizabeth Weiser, wife of John Weiser, Emma Dunlap, wife of Frank M. Dunlap, and Sophia Weaver, wife of Joseph Weaver.  On October 14, 1895, the administrators presented a petition to the orphans' court, signed by all the heirs, praying for an order of court to sell the real estate of the testator, under the act of assembly of June 12, 1893.  The court granted the prayer of the petitioners, and granted an order to the administrators to make sale of said real estate on the 12th, 19th and 26th days of November, A.D. 1895. The administrators made return to said order of sale on December 18, A. D. 1895, stating that they had sold the several properties according to the conditions named, whereupon the court confirmed the sales as made by the administrators.  The deeds were to be made to the purchasers, the money paid, and possession given on April 1, A. D. 1896.  On the 1st of April, A. D. 1896, possession of the several properties was given to the purchasers thereof, and the deeds were prepared for execution, but owing to difficulties in the description of alley rights and the pressure of April business, they were not executed until after April 3, A. D. 1896.  When the properties were purchased by the heirs, it was agreed among them that the administrators were to hold the deeds, and that the purchase money was to be deducted from their respective shares in the distribution, when made.

Emma Dunlap, wife of Frank M. Dunlap, died on April 3, A. D., 1896, leaving a husband, but no children.  The only question to be decided by the auditor is as to the share to which

Emma Dunlap, a deceased daughter of Marks Schmid, would be entitled to, if living.

If the deeds had been executed and delivered, and the purchase money paid on April 1, A. D., 1896, the share of Emma Dunlap would have vested in her as real estate, and at her death on April 3, would have descended to her husband as personal property: Scott's Estate, 137 Pa. 454.

In this case the real estate was sold for the purposes of distribution among the heirs, under the act of assembly of June 12, A. D., 1893. The act provides that the proceeds of such sales shall be distributed as real estate, and "that such sales shall have the same effect in all respects as a public sale in proceedings in partition of real estate, under existing laws." The auditor must therefore, ascertain what rules the courts have laid down to guide him in the distribution of the share of Emma Dunlap. Real estate of a decedent, when converted into money by a sale in partition, is to be inherited as the real estate would have been, but after the first transmission the money becomes personal estate: Dyer v. Cornell, 4 Pa. 359; Pennell's Appeal, 20 Pa. 515; Hay's Appeal, 52 Pa. 449; Cune's Appeal, 65 Pa. 450; Wentz's Appeal, 126 Pa. 541.

The purchaser's title is not complete until the sale be confirmed, the purchase money paid. and the deed delivered, until then the title remains in the heirs: Harlan v. Langham, 69 Pa. 235; Biggert's Estate, 20 Pa. 17.

In the latter case the Supreme Court says: "As the death of Elizabeth Holland occurred before the money was secured or paid or deed delivered the conversion was not complete, and the proceeds of the sale belong to her heirs and not to her husband's personal representatives."

A sale by order of the orphans' court, even after confirmation, does not divest the title of the heirs of the decedent, for it remains in the power of the court until a deed has been executed, and until then no conversion takes place; and if the heir of the decedent die subsequently to the confirmation of the report of sale, but before the deed has been executed and delivered, his interest descends as land and not as money: Demmy's Appeal, 43 Pa. 168; Overdeer v. Updegraff, 69 Pa. 118; Greenough v. Small, 137 Pa. 136.

In the case in hand it is admitted that none of the deeds were

executed nor delivered, nor the purchase money paid prior to the death of Emma Dunlap. Now, applying the principles of law as before stated, the interest of the heirs in the real estate was not divested and, therefore, the share of Emma Dunlap could not have vested in her, and having no vested interest in her share at the time of her decease, it must be distributed as if it were real estate. It is admitted that the purchasers went into possession of the real estate on April 1, and that, where the heirs were purchasers, the purchase money was to be arranged in the distribution; but it is also admitted that there were some difficulties about alley rights to the several properties, so that whether the reason was delay, or difficulties in arranging and perfecting the titles, the fact is, that none of the titles were executed or delivered, or the purchase money paid, before the death of Emma Dunlap, and her share of the real estate must be distributed as real estate: Barley v. Zeigler, 16 W. N. C. 218; Eckert's Estate, 12 Phila. 93; Greenough v. Small, 137 Pa. 136.

The auditor, therefore, awards one eighth of the net balance of the real estate fund to Frank M. Dunlap for life, and at his death the principal sum to the heirs at law of the said Emma Dunlap.

Frank M. Dunlap, the husband of Emma Dunlap, filed exceptions because the auditor had not distributed the fund as personal estate.

The exceptions were dismissed in an opinion by BRUBAKER, J.

*Error assigned* was in dismissing exceptions to auditor's report.

*B. F. Davis* and *B. Frank Eshleman,* for appellant.—The real estate in these proceedings was converted into personalty: Act of May 9, 1889, P. L. 146; Morrison v. Semple, 6 Binney, 94; Stoever v. Stoever, 9 S. & R. 434; Holme v. Harrison, 2 Wharton, 283; Act of April 8, 1833, P. L. 249; Bowlby v. Thunder, 105 Pa. 173; Pennock's Est., 20 Pa. 268; Hopkins v. Glunt, 111 Pa. 287; Church v. Disbrow, 52 Pa. 219; Good v. Fichthorn, 144 Pa. 287; Lehman's App., 105 Pa. 141; Marshall's Est., 147 Pa. 77; Fahnestock v. Fahnestock, 152 Pa. 61; Roland v. Miller, 100 Pa. 47; Dundas's App., 64 Pa. 325;

Corby's Est., 4 Kulp, 169; Biggert v. Biggert, 7 Watts, 563; Ferree v. Com., 8 S. & R. 314; Wentz's App., 126 Pa. 541.

If the will worked a conversion, the delivery or nondelivery of a deed, or a sale by the court, would not work a reconversion: Horner's App., 56 Pa. 405.

There cannot be a reconversion unless all the heirs elect to take as land, but where the parties are to take the proceeds of land ordered to be sold, as in this case, there can be no reconversion: Beatty v. Byers, 18 Pa. 105; Evans's App., 63 Pa. 183; Chew v. Nicklin, 45 Pa. 84; Sill v. Blaney, 159 Pa. 264.

Frank M. Dunlap and Emma S. Dunlap had no children or issue, he is therefore entitled to the fund without administering on the estate of his deceased wife: Moyer's App., 16 Pa. 405; Evans's App., 63 Pa. 183.

*John A. Coyle*, for appellees.—Testator's widow took a life estate: Haldeman v. Haldeman, 40 Pa. 34; Taylor v. Martin, 20 W. N. C. 27; Urich's App., 86 Pa. 386; Burt v. Herron's Executors, 66 Pa. 400; Fox's App., 99 Pa. 382; Middleswarth v. Blackmore, 74 Pa. 414; Oyster v. Knull, 137 Pa. 448; Fox's App., 99 Pa. 382; Zimmerman v. Anders, 6 W. & S. 218; Steelle v. Thompson, 14 S. & R. 84; Weidman v. Maish, 16 Pa. 504; Markley's Est., 132 Pa. 352; Gold's Est., 133 Pa. 495; Follweiler's App., 102 Pa. 581; Forsythe v. Forsythe, 108 Pa. 129; Gross v. Strominger, 178 Pa. 64.

The interest of an heir at law in the land of a decedent is not converted by an orphans' court sale of the estate of the decedent therein for the payment of debts, until the confirmation of such sale by the orphans' court and the execution and delivery of a deed to the orphans' court vendee: Greenough v. Small, 137 Pa. 132; Dyer v. Cornell, 4 Pa. 359; Pennell's App., 20 Pa. 515; Hay's App., 52 Pa. 449; McCune's App., 65 Pa. 450; Harlan v. Langham, 69 Pa. 235; Demmy's App., 43 Pa. 168; Overdeer v. Updegraff, 69 Pa. 118; Barley v. Zeigler, 16 W. N. C. 218.

OPINION BY MR. JUSTICE GREEN, July 15, 1897:

In the case of Brockley's Appeal, 4 Atl. Rep. 210, not reported in the State Reports, we certainly did hold that an estate precisely like this was an estate for life only. The words of

the will in that case were, "I give and bequeath unto my dear wife Konigunda, all my estate real and personal, and wheresoever found at the time of my death, giving her full power and authority to sell the whole or any part of my said real estate and execute deed or deeds therefor; and in case any of my said estate be left after the death of my said wife I order it to be divided as follows." There the widow sold the real estate to one for $1,500 and took a lease from him for life at a nominal rent of one cent per annum. The $1,500 was never used by the widow, and the grantee still owed it to her at her death. He was also her administrator and upon the settlement of his account as such, he was surcharged with this amount as a part of the estate left after the death of the widow, and therefore belonging to the children. Upon exceptions filed the court below sustained the auditor's report, and on appeal of this court we sustained the decree in a brief per curiam. We said, "although Mrs. Brockley did sell the real estate under a power given in the will of her husband, yet it is found as a fact that she did not use any part of the proceeds. She therefore held them as she had held the land and, in the language of the will, they were 'left' as a part of the estate of her husband." It will be observed that in that case the widow did exercise in her lifetime the express power given to her by the will, "to sell the whole or any part of my said real estate and execute deed or deeds therefor." Yet inasmuch as the proceeds of the sale were unused by the widow we decided that she held them in the same way that she held the land, and gave them to the children as a part of the estate of the testator devised to them by his will.

In the present case the widow still continued in the possession and use of the real estate devised to her by her husband, up to the time of her death. It was therefore a part of his estate in her hands at the time of her death, unused and unsold, and was clearly subject to the operation of the husband's will under the decision above cited. The words of his will on this subject are, "And if any of the same be left after her death I order it to be divided amongst my children share and share alike." This is the precise contingency contemplated and provided for by the will, and we know of no reason why the clear testamentary intent and purpose of the testator should be disregarded. There is no rule of law which requires it to be set aside. Her attempt to dispose of it by will cannot defeat the plain intent

of the testator and, as her will was practically the same as his in designating the persons who should ultimately take the property, there is no real conflict between the two wills on that subject.

There will be no profit in entering into an examination of the numerous authorities cited in the argument. None of them really conflicts with the ruling in Brockley's Appeal and in this; and Follweiler's Appeal, 102 Pa. 581, is almost precisely the same as these, and so also is Zimmerman v. Anders, 6 W. & S. 218. There are important differences in language and circumstances in the cases in which it is held that the wife took a fee where the devise was similar to that in the present case, but it is not necessary to review them in detail. It is enough to know that the cardinal rule of the interpretation of wills by the intent of the testator, will be strictly followed and enforced by our ruling of the present contention.

Regarding the property as the real estate of the husband, the solution of the practical question involved in this contention is very simple. The property had been sold, and the several sales had been confirmed by the orphans' court but the deeds had not been delivered, on the day of Emma Dunlap's death. Under all the authorities no conversion was worked, and her interest passed as real estate and not personal: Scott's Est., 137 Pa. 454; Greenough v. Small, 137 Pa. 136; Overdeer v. Updegraff, 69 Pa. 118; Wentz's Appeal, 126 Pa. 541, and many other cases. Said CLARK, J., in Greenough v. Small, "It is well settled that an orphans' court sale does not divest the title of the heirs until after confirmation thereof and conveyance delivered under the order of the court. . . . The sale, even after confirmation, does not divest the title of the heirs of the decedent, for it remains in the power of the court until a deed has been executed and delivered. Until then the heirs' right to maintain ejectment, even against the purchaser, has not gone. . . . Until then no conversion takes place, and if the heir of the decedent dies, even subsequently to the confirmation of the report of sale but before the deed, his interest descends as land and not as money."

Further discussion is unnecessary. The assignments of error are dismissed.

Decree affirmed and appeal dismissed at the cost of the appellant.