382 KURTZ *v.* BUBECK.

Opinion of Court below—Opinion of the Court. [39 Pa. Superior Ct.

they may resume their position as stockholders and be so treated and considered in winding up the affairs of the insolvent association, if they would benefit thereby. It must be remembered that the errors or mistakes complained of were committed by the officers of the association, and these officers represented the stockholders in the eighth series as well as in all other series at the time of the commission of the error which is sought to be corrected by this bill.

In accordance with the foregoing findings of fact and conclusions of law, the prothonotary will enter the subjoined decree nisi, and give notice to the parties or their counsel, and unless exceptions are filed within ten days secundum regulum he shall enter the same as the final decree of the court.

*Error assigned* was decree enforcing repayment of overpayment.

*H. Clay Campbell,* for appellants.

*Cadmus Z. Gordon,* with him *W. W. Winslow, J. L. Fisher* and *W. M. Gillespie,* for appellees.

PER CURIAM, May 21, 1909:

The decree is affirmed at the costs of William Elwood, the appellant, upon the findings of facts, conclusions of law and opinion filed by the learned judge below.

---

## Simpson's Estate.

*Decedents' estates—Orphans' court sales—Conversion—Act of June 12, 1893, P. L. 461.*

An orphans' court sale does not divest the title of the heirs until after confirmation thereof and conveyance delivered under the order of the court. The sale, even after confirmation, does not divest the title of the heirs of the decedent, for it remains in the power of the court until a deed has been executed and delivered. Until then no conversion takes place,

and if the heir of the decedent dies, even subsequently to the confirmation of the report of sale, but before the deed, his interest descends as land, and not as money.

Argued May 6, 1909. Appeal, No. 6, April T., 1909, by Sadie V. Simpson, from decree of O. C. Somerset Co., dismissing exceptions to auditor's report in Estate of Isaac Simpson, deceased. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Exceptions to auditor's report.

The facts are as follows:

Isaac Simpson, a resident of Somerset borough, died December 1, 1901, intestate, leaving to survive him a widow, Catharine M. Simpson, one son, Edward L. Simpson, and two grandsons, Frank W. Simpson and Harry S. Simpson, issue of Charles Simpson, deceased. The mother of Frank W. Simpson, first wife of Charles, was also dead. The second wife of Charles, Sadie V., mother of Harry S., is living.

Letters of administration on the estate of Isaac Simpson were granted to Edward L. and Frank W. Simpson, who filed their account on August 10, 1906, showing a balance for distribution of $778.74 arising from the sale of personal property, and a balance of $9,540 from the sale of real estate.

On February 26, 1906, the widow, Catharine, the son Edward L., and grandson Frank W., and James L. Pugh, guardian of the minor son, Harry S., being all the heirs, presented their petition to the orphans' court asking for the sale of the real estate under the act of June 12, 1893. An order of sale was accordingly granted as prayed for.

On April 21, 1906, the administrators sold the real estate and received ten per cent of the purchase money. On May 21, 1906, report of sale was made to court and the sale "confirmed nisi, to become absolute unless exceptions are filed within three days." No exceptions were filed and the sale became absolute.

On May 27, 1906, the minor grandson, Harry S. Simpson, died, leaving to survive him his mother, Sadie V. Simpson, and half-brother, Frank W. Simpson.

August 10, 1906, the administrators delivered to the pur-

384 SIMPSON'S ESTATE.

Statement of Facts—Opinion of the Court. [39 Pa. Superior Ct.

chaser deeds for the properties and received the balance of the purchase money in full except the sum set apart in lieu of dower of Catharine M. Simpson, the widow of decedent.

John S. Miller, Esq., having been appointed auditor to make distribution of the funds in the hands of the administrators, counsel for appellant contended before him that the money realized from the sale of the real estate should be distributed as personalty, but the auditor and court below held that because the deeds were not delivered until after the death of Harry S. Simpson, therefore the fund should be distributed as realty.

*Error assigned* was in dismissing exceptions to auditor's report.

*W. H. Ruppel* and *J. L. Pugh*, with them *Chas. F. Uhl, Jr.*, for appellant.

No printed brief for appellee.

PER CURIAM, May 21, 1909:

We are all of opinion that this case is ruled by Schmid's Est., Dunlap's Appeal, 182 Pa. 267.

The decree is affirmed at the cost of the appellant.

---

# Schafer's Estate.

*Attorney at law—Attorney and client—Dismissal of attorney—Employment of other counsel—Distribution—Jurisdiction.*

1. Where a client dismisses an attorney at law, it is not necessary that formal notice of dismissal should be given. Any act which shows an intention to sever the relation is sufficient. Thus the employment of other counsel shows an unmistakable purpose to sever relations.

2. Where an administrator files an account, and a guardian who had employed the same attorneys as the administrators, objects to the fees of the attorneys as excessive, and employs other counsel to file exceptions