D. A. McLEAN ET AL. v. J. A. LEITCH ET AL.

(Filed 31 March, 1910.)

**Partition of Lands—Sale—Conversion—Deeds and Conveyances— Registration.**

> In a sale of lands in proceedings for partition, the conversion from realty to personalty does not take place until the land is sold and the sale confirmed by the court. Therefore, an unregistered deed made by some of the cotenants of their interest in the lands held in common, is not good as against a subsequently made and registered deed by the same grantors of the same interest, to another, after the decree of sale for partition, but before the sale was confirmed. Revisal, sec. 980.

APPEAL by I. P. and J. L. McLean, from *Lyon, J.,* at December Term, 1909, of ROBESON.

This was a motion in a special proceeding. Pending the proceeding and after order of sale, certain of the cotenants conveyed for value their several interests to A. D. McLean. He did not have his deeds recorded nor did he then become a party to the proceedings. The proceeding pended for several years thereafter, the order of sale was attempted to be executed, but no order of confirmation was made. Subsequently, some of the parties who had conveyed their interests to A. D. McLean, conveyed the same interests for value to I. P. and J. L. McLean, who had their deeds recorded. Both purchasers were made parties to the proceedings, a resale was ordered and was executed, the report was confirmed, the purchase money was paid and

deed made; and the contest is now over the fund to be distributed to the interests claimed by A. D. McLean and I. P. and J. L. McLean. His Honor, on appeal, held that A. D. McLean was entitled to the fund, and gave judgment accordingly. I. P. and J. L. McLean excepted and appealed to this Court.

*McNeill & McNeill* for appellee.
*B. F. McLean* for appellants.

Manning, J. The sole question presented by this appeal is whether realty, petitioned to be sold for partition by tenants in common, is converted into money when the order of sale is made, and passes as personalty, or whether it retains its character as realty until sale is actually made and the proceeds received. Section 2516, Rev., clearly provides that as to infants, married women and the classes therein mentioned, the money is realty and goes to the real representatives, and it has been so construed by this Court. *Hall v. Short,* 81 N. C., 273; *Dudley v. Winfield,* 45 N. C., 91; *Bateman v. Latham,* 56 N. C., 35; *Allison v. Robinson,* 78 N. C., 222. This rule rests upon the principle, that during disability neither the married woman, nor infant, nor lunatic, can exercise the right of election to take their respective interests as money, and therefore the proceeds will be held in their unconverted character as realty until such election can be legally made.

In determining the time when the interests of adults, not under any disability, are converted from realty to personalty, we have no statutory declaration or express decision of this Court. We think, however, as to them, the conversion takes place only when the land is sold and the sale confirmed by the court, and not when the decree of sale is made.

Up to the time of confirmation of the sale, the land remains realty and the several tenants in common must convey their interests as land and with the formalities of conveyances of real estate, that they may be binding and effective. Such conveyances, as all other conveyances of land, must be registered, and will be valid to pass title against subsequent purchasers for value only from the registration thereof. Sec. 980, Rev. In Cyc., 845, it is said: "No conversion takes place by virtue of proceedings in partition before sale or allotment and acceptance of the purparts. Until then, the interests of the several owners retain all the qualities of real estate." In *Smith v. Smith,* 174 Ill., 52, the Court says: "When partition is among the heirs of a deceased ancestor, the purpose of the sale is the distribution of the proceeds among the owners of the undivided interest in the land. Such proceeds, therefore, remain impressed with the

character of real estate for the purpose of distribution." To the same effect is *Jenkins v. Simms,* 45 Md., 532. In *Wentz appeal,* 126 Pa. St., 541, that Court held: "The. money derived from a sale of land in partition proceedings is never real estate, any more in law than in fact, but for a certain purpose and within a certain limit it is to be treated as real estate; that purpose is to preserve the quality of the estate, so that it will vest. in the persons who would have been entitled to it, had it remained unconverted, and the limit is the first transmission." In Freeman on Cotenancy and Partition, sec. 464, the author says: "If pending a partition suit between cotenants, who do not hold with benefit of survivorship, one of them die, the action thereby becomes defective, and cannot properly proceed until the successors in interest of the deceased are brought before the court. By his death his heirs have become cotenants in his stead, and their rights as such cannot be litigated in their absence." .

In 7 Am. and Eng. Enc. (2 Ed.), p. 473, the writer says the decisions are conflicting as to the time of conversion, "some holding that the conversion dates from the order of sale, though there has been no sale; whereas other courts hold that there is no conversion before actual sale and compliance by the purchasers with the terms of sale."

As under the decisions of this Court (*Joyner v. Futrell,* 136 N. C., 301, where many cases are cited) the contract between the purchaser and the court, through its commissioner to sell, becomes a completed contract upon confirmation of the sale—which is the act of acceptance—we hold that the conversion as to parties *sui juris* then takes place and is complete, and the proceeds of the sale become, at that time, impressed as personalty, with the qualities of personalty.

Applying the conclusion we have reached to the present case, we think his Honor's ruling erroneous. The deeds to A. D. McLean not being registered before the deeds to I. P. and J. L. McLean were registered, they were not valid to pass the title as against these subsequent purchasers for value, and these conveyances having been made before conversion had taken place, the interests of the cotenants could pass only by conveyances executed as deeds of real estate and for the vendee, as a protection of his title under the statute, registration is necessary. His Honor should have held, therefore, that the appellants were entitled to the shares of the tenants in common, whose interests had been conveyed to them in preference to the appellee, A. D. McLean.

The judgment is
Reversed.