## Hankins, et al. v. Hankins' Administrator, et al.

(Decided January 26, 1917.)

### Appeal from Muhlenberg Circuit Court.

1. Conversion—Judicial Decree—Partition Suit—Time of Conversion. —In a partition suit to sell land and divide the proceeds, the proceeds are not converted into personalty until the sale is confirmed, and if a defendant die intestate prior to confirmation, his portion of the proceeds descends as realty to his heirs and not as personalty to his administrator.

2. Partition—Death of Party—Revival—Parties.—In such a case, it is not necessary that the action be revived against the administrator of such deceased party.

3. Partition—Death of Party—Necessity for Revival.—Where the successors in title of a deceased party are his widow and his heirs, all of whom are already before the court, no order of revival as to them is necessary.

WALKER WILKINS for appellants.

BELCHER & BELCHER for appellees.

Opinion of the Court by William Rogers Clay, Commissioner—Reversing.

Maud Hankins, Eva Hankins Felts, J. W. Hankins and Oma Hankins were the owners of five tracts of land. Maud Hankins, Eva Hankins Felts and her husband, Dr. Logan Felts, brought suit in the Muhlenberg circuit court against J. W. Hankins and his wife, Eva Hankins, and Oma Hankins, an infant over fourteen years of age, to sell the five tracts of land, on the ground that they could not be divided among the several owners without materially imparing the value of each interest therein. Judgment was entered on April 21st, 1911, ordering a sale of the land. Said land was subsequently sold and T. H. Hansford became the purchaser. After the sale had taken place and the purchaser had executed bonds for the purchase price, but before the sale was confirmed, J. W. Hankins died intestate and without issue, leaving surviving him his widow, Eva Hankins, and Maud Hankins, Eva Hankins Felts and Oma Hankins, as his only heirs at law. George W. Milam was appointed his administrator. Later on, an order purporting to have been entered by consent was entered, reviving the action against George W. Milam, administrator of J. W. Hankins, and Maud Hankins, Eva Hankins Felts and Oma Hankins, the heirs of J. W. Hankins. By the same order the sale was confirmed and the purchaser directed to pay to Maud Hankins, Eva Hankins Felts and Oma Hankins jointly that part of the proceeds due to the said J. W. Hankins, deceased.

Some time thereafter, George W. Milam, as administrator of J. W. Hankins, deceased, and Mrs. Eva Hankins, widow of J. W. Hankins, brought this suit against Maud Hankins, Eva Hankins Felts and her husband, Dr. Logan Felts, Oma Hankins, an infant over fourteen years of age, T. H. Hansford and his wife, M. A. Hansford, to set aside the order of revival in the above case and all orders subsequent thereto, on the ground that the order of revival was not entered by consent, but was obtained by fraud of the plaintiffs. Proof was heard and the chancellor granted the prayer of the petition. From the judgment so entered the defendants appeal.

In view of the conclusion of the court, we deem it unnecessary to determine whether the evidence is sufficient to show that Milam, the administrator, did not consent to

the order of revival. As a matter of fact, no order of revival against the administrator was necessary. The mere fact that the land was sold and bonds for the purchase price had been executed did not operate as a conversion of the land into personal property. It is only where the sale is completed by confirmation of the court that a conversion from realty to personalty takes place. Greenough v. Small, 137 Pa. St. 128, 20 Atl. 396; Jenkins v. Simms, 45 Md. 532; McLean v. Leitch, 152 N. C. 266, 67 S. E. 490; Ex. p. Moore, 3 Head (Tenn.) 171; Wayne v. Fouts, 108 Tenn. 145, 65 S. W. 471. Hence if a defendant die intestate before confirmation, his interest in the proceeds descends as realty to his heirs and not as personalty to his administrator. Nelson v. Hagerstown Bank, 27 Md. 51. The administrator not being interested in the proceeds or in the confirmation of the sale, a revival of the action in his name is not necessary. In the case under consideration, the successors in title of the intestate, J. W. Hankins, were his widow and heirs, all of whom were already before the court. That being true, no order of revival as to them was necessary. Shields, &c. v. Craig's Admrs., 6. T. B. Mon. 373. Since no order of revival was necessary against either the administrator or the widow, it follows that neither the administrator nor the widow was entitled to have the order of revival and the subsequent orders set aside, on the ground that the order of revival was obtained by fraud.

Judgment reversed and cause remanded for proceedings consistent with this opinion.