1927.]                     Grob, Excrx. v. Grob et al.

## DEVISEE OF LIFE ESTATE WITH SUPERADDED POWER OF SALE MAY CONVEY TITLE TO FEE.

Common Pleas Court of Hamilton County.

ROSINA GROB, EXECUTRIX, ETC. V. ROSINA GROB ET AL.

Decided, 1927.

*Wills—Life Estate Devised to Widow with Power to Sell—Fee may be Conveyed—Rights of Widow and Remaindermen in Proceeds.*

A will left all the testator's property to his widow for her life with power "to use either principal or interest, to sell, to convey * * * and to handle as her individual property," with provisions for the distribution of whatever m'ght remain upon the death of the widow.

*Held*, that the widow has power under the will to convey the fee of real estate so devised, and that she and the remaindermen have the same interest in the proceeds of the sale as they would have had in the property had it not been sold.

*Paul L. Ellis*, for Rosina Grob et al.

*Samuel Saxe*, for Ben Globerson.

DARBY, J.

In this action the plaintiff seeks the direction or judgment of the court respecting the proper construction of the will of the decedent, under favor of General Code, Section 10857.

The plaintiff states that she is in doubt as to the true construction of the second item of the will. It is as follows:

"Second—I give, devise and bequeath to my beloved wife, Rosina Grob, all of my estate, whether real, personal or mixed, with the power to use either principal and interest; to sell, to convey by deed or mortgage, and to handle the same as her individual property for and during her natural life or until she should re-marry, which however I do not anticipate."

As throwing light upon the purpose of the testator, other provisions of the will must be examined. They are as follows:

"Third—In case my said wife, Rosina Grob should remarry after my death, then and in that event she shall receive or retain only one-third of my estate, and the res-

idue shall be divided between my four children and grand-
child, share and share alike, so that if all of them live at
that time, each will receive one-fifth of said balance of
my estate.

"Fourth—Upon the death of my said wife, if she re-
mains my widow, all of my estate then remaining shall
be distributed in equal shares between my beloved chil-
dren, Albert, Charles, Adolph and Otto Grob, and my
grandson, Harry Laux, son of my daughter Lily, or the
survivor thereof without consideration or restriction, for-
ever."

It is the claim of the plaintiff that notwithstanding the
estate conveyed to her is a life estate, that the power
vested in her to sell, convey and handle the same is ample
to authorize the conveyance by her of the real property in
fee simple.

The petition avers that a certain piece of real property
remains, after payment of debts, that the said Rosina
Grob, devisee, entered into a written contract to convey
said real property by deed of general warranty and that
the question is raised as to whether or not she has the
right and power to convey the property.

All of the defendants were properly served, and those
who were of age have not answered.  The minor defend-
ant answers by guardian *ad litem* through the counsel who
appears for the plaintiff in the case.

In this connection it should be stated that prior to the
institution of this suit, another suit was instituted in this
court, namely 201932, entitled *Ben Globerson* v. *Rosina
Grob,* in which the plaintiff sets forth a written con-
tract between himself and Rosina Grob, the above-
mentioned widow, for the sale of the property referred to
in the petition in this case for sixty-five hundred dollars.
In that case, Globerson avers his readiness, willingness and
ability to carry out his contract, but avers that the defend-
ant has not title to or power to convey said property, and
he seeks to recover from the defendant for the alleged
breach of the contract to convey the property. Globerson
by his counsel appeared in this case, and was permitted to
participate, though not a party, with a view to aiding the
court in reaching the proper construction of the will.

It is trite to say that the interpretation of the will,

effect is to be given to the intention of the testator if that can be ascertained.

The plain language of the second item of the will gives all of decedent's estate to his wife—

"With the power to use either principal and interest; to sell, to convey by deed or mortgage, and to handle the same as her individual property for and during her natural life or until she should re-marry."

In case she should re-marry, then she—

"Shall receive or retain, only one-third of my estate."

With provision for the distribution of the residue. Upon the death of the wife, if she remains the widow, all of the estate "then remaining" shall be distributed as provided.

The power to use the principal and interest would in itself imply authority to dispose of it, but the disposition would be for the evident purpose, in the mind of the testator of use for her benefit or the benefit of the estate, and it would follow that she could not give the property away, nor devise it.

The further terms of the will, to-wit:

"To sell; to convey by deed or mortgage, and to handle the same as her individual property," with the provision as to the disposition of what remains at her death, clearly express the intention on the part of the testator that for her own purposes or the purposes of the estate—though she had but a life estate—she had full and complete power to convey.

The plaintiff has called to the attention of the court many cases involving situations such as here presented, but few of which will be noticed, as they seem to thoroughly cover the ground.

*Henninger* v. *Henninger, Appellant,* 202 Pa., St., 207, declares—

"There is no repugnance between a devise for a life term and a super-added power of sale. Both may operate, and when the power is executed it is, where it is not otherwise ordered, simply a substitution of one kind of property for another, the estate of those interested remaining the same in the thing substituted.

"Testator devises real estate to his wife for life, with

the right in her however, to use, sell and dispose of any or all of said estate for the use and support of herself and H. He further directed as follows: 'Should my wife die before H, my will is that such portion as shall then remain shall be for the use and support of H, with the right in her to sell and dispose of the same for her maintenance and support, and upon the death of both my wife and H, and after the payment of their funeral expenses, what portion of my estate shall then remain shall vest in and become the absolute property of my sister E and her heirs.' *Held,* that H could contract to sell and make a valid title in fee simple to the land passing under the will of the testator."

On page 209 the court, after repeating the first clause of the syllabus, say:

"* * * Here the money is substituted for the land and Mrs. Henninger will stand with respect to it, just as she did towards the real estate; it will be hers for life, to use for her support and maintenance, and what remains at her death will pass to Mrs. Bishop and her heirs; *Brockley's Appeal,* 4 Atl. Rep., 210; *Schmid't Estate,* 182 Pa., 271."

The court proceeds to discuss the general principles applicable in these words:

"There is no force in the argument that in effect this construction makes a fee out of what is expressly declared to be a life estate. It gives to the life tenant just what the testator said she should have, and nothing more, a life estate in the property with a power to sell it and use whatever portion might be necessary for her support. It may or may not turn out in the end that Mrs. H will have received out of the devise all that she could have received from an absolute devise; but whichever event happens, it will be in accordance with testator's clearly expressed wish. He committed the estate to her for her use with power to dispose of it for purposes of her own support and maintenance. The time has come when she choses to exercise this power. That is a matter for her own determination. The testator gave us no supervisory power and the law gives us none. The absolute right of disposal of the property at any time she may conclude it is needed for her support and maintenance, is with Mrs. Henninger under the will of Jacob Coover, and all inquiry ends with her."

In *McClellan* v. *Larcher,* 45 N. J., Eq., 17, is found the following:

"A testator by his will, gave and devised all his estate, real and personal, to his wife 'the same to be held and enjoined by her fully and absolutely and without restriction of any kind, with full power to alienate, convert or dispose of the same in such manner as she may deem best' and provided subsequently, in the same instrument, that upon the death of his wife, all his estate 'or so much of it as remains the property of my wife on her death' should go to his children. *Held*, that the devise to the wife was a fee simple and that the devise over to the children is void. Also, that without regard to the wife's estate, the will expressly and by implication gives her a power to sell the testator's lands."

The case last referred to was cited with approval by the Supreme Court of Ohio in *Home* v. *Lippard*, 70 Ohio St., 286 as follows:

"To the same effect is *McClennan* v. *Larcher*, 45 N. J. Eq., 17, 16 Atl. Rep., 269, and the case is further important in that it was held that without regard to the devised estate the will gave her power to sell, and the defendant was decreed to specifically perform his agreement to purchase the real estate."

The case of *Johnson* v. *Johnson*, 51 Ohio St., 446, was mentioned as being in opposition to the cases last referred to. The principal under discussion, however, in this case, was not really involved in the Johnson case. In that case the court construed the will involved, which gave all the property of the decedent to his wife—

"With full power to bargain, sell, convey, exchange, or dispose of the same as she might think proper, for consumption in her life support, and that what remains at the time of her death unconsumed in supporting her belongs to the remainderman designated in the will."

The petition in the Johnson case set up imposition upon the widow by another, and a gift by the widow of the property to him, and the plaintiff by the petition sought to have a trust declared in said property for the benefit of the remaindermen. Under those conditions the court held:

"2. The widow under this will was by implication a *quasi* trustee for those in remainder, and the interest of the brothers and sisters of the testator in the unconsumed

property was a vested right which could not be destroyed by the act of the widow in disposing of the property by gift to a third party or otherwise than for her support or benefit of the estate.

"3. A third party acquiring said estate from her by gift or fraud, or by collusion with her to the injury of the vested rights of those in remainder, and with knowledge of the will, holds the same and the fruits thereof as a trustee for the remaindermen and is liable as such trustee to account to them in equity."

Denying the right of the widow to make a gift of the property is far from denying her the right to sell it for her use and support, or for the benefit of the estate. That was pointed out in the subsequent case of *Home* v. *Lippard,* 70 Ohio St., 261. It was held in that case—

"A will reading 'I give and bequeath to my beloved wife all my estate, both real and personal, of which I am now possessed or shall afterwards come into my possession or under my control, by deed or otherwise in fee simple, with power to sell or dispose of it as she may see fit; that after the death of my wife, if there is anything remaining of my personal or real estate it shall be distributed in the following manner, to-wit;' gives the widow power to convey the fee of the whole or any part of the real estate, and a deed making such conveyance, good as against the widow is good against the second devisees."

After a discussion of the case of *Johnson* v. *Johnson, infra,* the court goes on to say, p. 297:

"It is unnecessary to review the many decisions of this court. All have been examined and none, it is thought, is in conflict with the law as laid down in the cases hereinbefore noticed, unless it be in some of them holding valid the limitation over *but none holds an absolute power limited by the mere fact that the donee of the property took an estate for life,* but in each instance the limitation has arisen over some language in the will indicating such intention by the testator."

The court is of the opinion that under the very broad language of the will, it was clearly the intention of the testator to grant to his widow full power to sell and dispose of the real estate which he owned, and which is described in the petition, and which is the subject of the former action referred to, and that her ownership in the

proceeds of the estate, and the ownership of the other devisees named is the same as they would have in the property of the testator if the same were not sold.

A decree may be drawn finding that Rosina Grob took a life estate under the will, with full power and authority to sell and dispose of and to convey by deed the same for her own use and support, or for the benefit of the estate.