BUSCHBAUM ET AL. *v.* HALE, EXECUTOR.

[No. 14,326. Filed July 27, 1932. Rehearing denied December 16, 1932. Transfer denied June 20, 1933.]

*B. L. Logan* and *Long & Yarlott,* for appellants.

*Kistler, Kistler & McHale* and *Paul Meyers,* for appellee.

KIME, P. J.—The appellants asked for partition of realty held by them as tenants in common with appellee's decedent, alleged its indivisibility and prayed a sale. Appellee's decedent, prior to her death, admitted indivisibility and asked the present value of her estate be determined upon sale. The court found the realty indivisible and ordered sale on June 24, 1925. One piece of property was sold in November, 1925, the other (a farm) was not sold until September, 1928. Report of the sale was made and confirmed on October 15, 1928. On December 6, 1928, the appellee's decedent filed a petition requesting the court to determine the value of her life estate in one-third of the net proceeds of the sale of the farm and for an order directing the commissioner to pay her the amount determined. (It appears that the amount had been paid on the first piece sold.) December 7, 1928, appellee's decedent died and a few days later appellee filed a similar petition to the last above described. Appellants filed what they denominated an answer to this petition, setting out the death and asserting all her interest in realty and proceeds terminated with her death. The matter was submitted to the court and appellants asked for a special finding of facts with conclusions of law thereon. This was rendered by the court, and appellants excepted to each conclusion of law. Judgment was rendered thereon. The error assigned is that the court erred in each of four conclusions of law.

The appellants have failed to comply with Clause 6 of Rule 22 of our rules in that they have made no reference under the proper heading in their brief to the questions raised by their assignment of errors. However, the important and principal question involved here does not seem to have been passed on by our courts and since we can understand from the brief that this is the question to be decided we will do so. The question is the value of the life estate and the time of its determination.

The appellants contend that the death of the owner of the life estate after a judicial sale had been confirmed terminated that estate.

The appellee's contention is that the confirmation of the sale before death fixes the value of the life estate and that the life tenant is to be paid the value of the life estate in cash from the proceeds of the sale.

Before discussing the main issue involved, let us dispose of appellants' contention that there is no finding as to the expectancy of life, and there is no finding of the value of the alleged life estate which therefore make the findings insufficient to support the conclusion of law.

The court found the age of the widow and her expectancy specifically. The court did not find the value of the life estate, nor should it have necessarily, as in this case the amount due was a mere matter of computation. Appellants complain because the court considered mortality tables introduced as conclusive evidence. The appellee says, and it is not disputed, that there was no other evidence introduced. If there was no other evidence introduced on this point, that introduced was conclusive. The appellants have not brought up the evidence which they could have done to controvert this point.

The appellants each owned an undivided interest in this certain realty, the appellee's decedent owned a one-

third interest for life. The appellants wanted what their interest was worth, knowing that it was indivisible, and not wanting the land, else they would have attempted to purchase the interest of appellee's decedent. Hence they prayed for a sale. The appellee's decedent agreed to the sale in effect by making no objections to the petition. The court ordered the sale and when it was made confirmed it. Immediately before the sale (which is the confirmation because it is not a sale until confirmed by the court) the several interests are fixed. They have been definitely fixed by law. Why should their interests be changed because the proceeds of the sale have become personalty.

Thus we arrive at the main question of this appeal—whether realty petitioned to be sold for partition by tenants in common is converted into money when the sale is confirmed or whether it retains its character as realty until proceeds are actually distributed.

Tiffany in his work on Real Property says that: "The proceeds of sale obviously belong to those who previously held title." Vol. 1, Sec. 124, p. 455. Cases are cited which sustain the statement and are as follows: *Newcomer* v. *Orem* (1852), 2 Md. 297, 56 Am. Dec. 717; *Cronise* v. *Hardt* (1877), 47 Md. 433; *Wentz' Appeal* (1889), 126 Pa. 541, 17 Atl. 875; *Scott's Estate* (1890), 137 Pa. 454, 20 Atl. 623; *Cowden* v. *Pitts* (1872), 2 Baxt. (Tenn.), 59; *Findley* v. *Findley* (1896), 42 W. Va. 372, 26 S. E. 433. Tiffany continues: "Occasional statements that such proceeds have the character of realty mean merely that the conversion does not effect the rights of the persons previously entitled. So when, upon the sale of land by an order of court or under a power, it is said that the proceeds, or surplus proceeds, of sale are to be regarded as land, this ordinarily means merely that the person or persons pre-

viously entitled to the fund in the shape of land do not lose their rights in the fund merely by reason of its change of form."

When Story was a circuit judge in 1840 he decided a case that is very persuasive wherein he held that the rights of the parties were absolutely fixed at the time of the sale. Counsel for appellant seek to distinguish this case but since there are other cases directly in point we will not attempt to answer his distinctions. The reasoning used therein is very good and in principle cannot be distinguished from the case at bar. Story says that each party is to participate in the purchase money in proportion to the beneficial interest he has in the land at the time of the sale. *Foster* v. *Hilliard* (1840), 1 Story 77, 3 Law Report 175.

The highest courts of North Carolina and Kentucky have adopted this view. Some states hold that the order of sale is the determinative date but we cannot follow those states. The confirmation of the sale seems to us more logical.

In *McLean* v. *Leitch* (1910), 152 N. C. 266, 67 S. E. 490, a case very similar to ours, the court, in following *Joyner* v. *Futrell* (1904), 136 N. C. 301, 47 S. E. 649, held that the conversion from realty to personalty takes place upon confirmation of the sale as to persons *sui juris* and the proceeds of the sale become at that time, impressed as personalty, with the qualities of personalty. To the same effect is *Hankins* v. *Hankins, Admr.* (1917), 173 Ky. 475, 191 S. W. 258.

Finding no reversible error, the judgment of the Cass Circuit Court is affirmed and it is so ordered.