ATTORNEY GENERAL *v.* COMMISSIONER OF RAILROADS.

1. STATUTES—IMPLIED REPEAL.
   A statute revising the whole subject-matter of an earlier statute, and plainly intended as a substitute therefor, though not in terms repugnant thereto, operates as a repeal of the same.

2. SAME—RAILROAD CROSSINGS—SEPARATION OF GRADES.
   Act No. 92, Pub. Acts 1893, creating a crossing board, to determine, upon application, the necessity for a separation of grades at railroad crossings, repeals Act No. 79, Laws 1873, in so far as it conferred like powers upon the commissioner of railroads.

*Mandamus* by Fred A. Maynard, Attorney General, to compel Sybrant Wesselius, Commissioner of Railroads, to make an order for a separation of grades at the intersections of certain railways with certain streets in the city of Detroit. Submitted April 25, 1898. Writ denied July 12, 1898.

*C. D. Joslyn*, for relator.

*Henry Russel* (*Ashley Pond*, of counsel), for respondent.

LONG, J. The petition shows that in January, 1898, the attention of respondent was called by petition by the city of Detroit to the dangerous character of the crossings at the intersections of the tracks of the Lake Shore & Michigan Southern Railway Company, the Grand Trunk Railway Company, and the Michigan Central Railroad Company, with Michigan, Woodward, Gratiot, and Grand River avenues in the city of Detroit. In February following, the respondent made an investigation, and determined that there was a necessity for a separation of grades at the intersection of the streets and railroads men-

tioned, and that steps should at once be taken by the proper authorities to separate the grades at such points for the safety and convenience of the public, and for the better and more expeditious operation of the railroads crossing over them. The respondent determined that he had no power or authority to direct such separation of grades, or to compel bridges to be constructed at the points mentioned, because Act No. 92, Pub. Acts 1893, had taken away the power given him by Act No. 79, Laws 1873, by which later act the powers conferred on the commissioner of railroads by the earlier act are now conferred upon the grade-crossing board. The respondent having refused to act in the premises, the attorney general files this petition to compel him, as such commissioner of railroads, to act in the premises; the attorney general claiming that such power is still vested in the respondent. The respondent has made his return to an order to show cause, in which he denies that any such power rests in him under the act of 1893.

In 1873 the legislature passed an act entitled—

"An act to provide for the appointment of a commissioner of railroads, and to define his powers, duties, and fix his compensation." Act No. 79, Laws 1873.

Section 17 of that act, so far as it is material to the question involved, provides:

"Whenever, in the opinion of the commissioner of railroads, the safety of the public would be more efficiently secured by stationing a flagman to signal trains where a highway or street is crossed by any railroad, or where one railroad crosses or intersects another railroad, or by the building of a gate or bridge at such highway, street, or railroad crossing or intersection, he shall direct the corporation or corporations owning or operating any such railroad or railroads to station a flagman or to erect and maintain a bridge or gate at such crossing, as the public safety may demand. * * * Any corporation or corporations neglecting or refusing to construct such gate or bridge, or to maintain such flagman, so directed as aforesaid, shall each forfeit for every such neglect or refusal the sum of one hundred dollars, and the further sum of ten

dollars for every day which such neglect or refusal shall continue.   *   *   *"

Act No. 92, Pub. Acts 1893, is entitled:

"An act to provide separate grades for railroads and public highways and streets where railroads intersect such highways and streets."

(1) That act provides for a standing board or commission, consisting of the commissioner of railroads and two other persons, to be appointed by the governor, with the consent of the senate, every two years, charged with the duty.   (2) It provides that upon proper application to it in that regard, as provided in said act, said board shall investigate the necessity for the separation of grades at the crossing designated in such application.   (3) It provides that, in case said board finds such separation necessary, it shall determine whether the grade of the railroad or of the highway or street shall be raised or lowered, and how much.   (4) It provides that the new grade of the street shall not exceed a maximum of one foot in ten, or of the railroad one foot in one hundred.   (5) It provides that such board shall estimate the cost and expense of constructing the work, and the equitable proportion which shall be borne by the railway company and the municipality, respectively.   (6) It requires the board to make a report, setting forth in detail the plan by it adopted, to which report shall be attached, as part thereof, the plan of construction, profile, and map mentioned in said report, and said report shall state the cost and expense of the work to be done or constructed by the municipality.   (7) It gives said board authority to employ an engineer to assist it in determining upon and making profiles, plans, estimates, and reports, and such clerical assistance as it may need.   (8) It makes provision for the commencement and carrying on the proceedings to separate grades in accordance with the plans provided by said board.

From the view we take of these statutes, we deem it unnecessary to consider the question of the power of the

commissioner under the act of 1873, as the act of 1893 covers the whole question of the separation of grades, and all the powers which were given the commissioner under the act of 1873 are now cast upon the grade-crossing board. The act of 1893 provides a full and perfect system upon the subject. By it the powers which, under the former act, are given the commissioner to determine when a separation of grades is necessary, and to order such separation, are conferred upon a board of three persons, of whom the commissioner of railroads is one. It prescribes in detail how and when the power given shall be exercised. It provides for the judicial proceedings necessary to be invoked in order to carry the determination into effect. While repeals by implication are not favored in the law, yet it is a rule of construction followed by this court and other courts that a statute revising the whole subject of a former statute, and intended as a substitute, operates as a repeal of the former law, though it contains no words to that effect. *Moore* v. *Township of Kenockee*, 75 Mich. 332 (4 L. R. A. 555). The question of repeal or nonrepeal is one of legislative intention. As was said in *Shannon* v. *People*, 5 Mich. 85: "Where a subsequent statute covers the whole ground occupied by an earlier statute, it repeals by implication the former statute, though there be no repugnance." Mr. Justice CHRISTIANCY, in laying down the above doctrine, followed the doctrine of a large number of cases and text-writers cited by him in that opinion. In a well-considered case reported in 40 N. J. Law, 257 (*Roche* v. *Mayor, etc., of Jersey City*), the question being whether or not a prior ordinance had been repealed by a subsequent one, the court said:

"The ordinance of 1870 does not expressly repeal the ninth, tenth, and eleventh sections of the ordinance of 1862, and it is a familiar doctrine that repeals by implication are not favored. When there are two laws on the same subject, the rule is to give both effect, if possible. But if the two are repugnant in their provisions, the later, to the extent of the repugnancy, operates as a repeal of

the former; and where they are not repugnant in terms, yet if the later act covers the whole subject-matter, and it appears that it was intended as a substitute for the first act, it will operate as a repeal of that act.   *   *   *   To have the rescinding effect, it is not necessary that the subsequent act should have every provision of the former one.   It is sufficient if it revises the whole subject-matter, and an intention is manifest to make it a substitute for the earlier act.   *   *   *   Every statute must be considered according to what appears to have been the intention of the legislature, and, even though two statutes relating to the same subject be not in terms repugnant or inconsistent, if the later statute is clearly intended to prescribe the only rule which should govern the case provided for, it will be construed as repealing the original act."

This statement is only the reiteration of the general rule laid down by text-writers and the courts generally.   Sedg. Stat. & Const. Law (2d Ed.), 100; *Crowell* v. *Jaqua*, 114 Ind. 246; *Mersereau* v. *Mersereau Co.*, 51 N. J. Eq. 382; *Murdock* v. *City of Memphis*, 20 Wall. 617; *Bartlet* v. *King*, 12 Mass. 536 (7 Am. Dec. 99); *District of Columbia* v. *Hutton*, 143 U. S. 18, and cases cited.

But counsel for relator contends that the case of *Ft. Street Union Depot Co.* v. *State Railroad-Crossing Board*, 31 Mich. 248, has a bearing upon the question here.   The validity of the act was not raised or questioned in that case, and consequently was not considered or discussed by this court.

The writ of *mandamus* must be denied.

The other Justices concurred.