F. S. POSTON, Guardian, etc., Respondent, v. NANCY
A. ENO, Administratrix, etc., Appellant.

**Kansas City Court of Appeals, January 6, 1902.**

Contracts: PLEADING: BREACH: FRAUD: DAMAGES: INSTRUC-
TION. A petition set out in the opinion declares on a breach of con-
tract and the question of fraud in obtaining it was irrelevant and
the measure of damage for the breach in failing to board and clothe
plaintiff as agreed would be the cost of doing so during his natural
life less what care, etc., he had already received at the hands of the
defendant, and the jury should be so instructed.

Appeal from Boone Circuit Court.—*Hon. John A. Hockaday,*
Judge.

REVERSED AND REMANDED.

*N. D. Thurmond* and *N. T. Gentry* for appellant.

(1) The petition does not state facts sufficient to con-
stitute a cause of action. Where necessary averments are
omitted, the judgment will be arrested. The averment of
such facts is an essential requisite which defendant does not
waive, either by failing to demur, by pleading over or by
going to trial. Frazer v. Roberts, 32 Mo. 457; State v.
Bacon, 24 Mo. App. 403; Biddle v. Boyce, 13 Mo. 532; Bank
v. Fisher, 55 Mo. App. 51. (2) Statement of facts con-
stituting two distinct causes of action are thus intermingled
in one count of plaintiff's petition till they are inseparable, un-
distinguishable and meaningless. While it is true that no
motion to elect or demur to the petition was filed by defendant,
yet, where the petition wholly fails to state a cause of action,
and where the allegations are contradictory, as these are, the

sufficiency of the petition may be raised (as was done in this case) by objection to the introduction of any evidence, and by motion in arrest of judgment. Hart v. Harrison, 91 Mo. 414; Story v. Insurance Co., 61 Mo. App. 534; Wells v. Benefit Assn., 126 Mo. 638. (3) Plaintiff's first instruction is based on the theory that there was a breach of the contract by defendant's failing to keep, board and care for plaintiff. This instruction clearly indicates that plaintiff seeks to recover for the breach of contract in not keeping, boarding and caring for plaintiff, and not for fraud or deceit in the making of the contract. (4) Plaintiff's second instruction is in conflict with the first in this, that it fixes the measure of damages at the value of the property at the time of the purchase, and not at the cost of "keeping, boarding and caring" for him during his life, or to the time of the bringing the suit. Fairgrieve v. City of Moberly, 29 Mo. App. 141; Fenwick v. Bowling, 50 Mo. App. 516.

*D. P. Bailey* and *C. B. Sebastian* for respondent.

(1) Plaintiff squarely placed his damages on the failure of Eno to carry out the contract. If there are any allegations of *suasio moralis* in the petition as to the purposes of Eno in procuring the contract, they could have been stricken out on motion; hence, authorities cited have no bearing on this question. Sheridan v. Nation, 159 Mo. 27. (2) Plaintiff's first instruction simply tells the jury the conditions on which it must find for plaintiff. The second instruction tells them what the measure of damages is, if they find for plaintiff under the first instruction. 5 Lawson R. R. & P., sec. 2638, citing Amos v. Oakley, 131 Mass. 413.

BROADDUS, J.—This suit was begun in the circuit court of Callaway county and transferred to Boone county,

Vol 91 app—20

where it was tried before a jury and verdict and judgment had against the defendant, from which she appealed.

One of the grounds relied upon by the defendant for reversal is that the petition is bad. It alleges that the plaintiff sues as the guardian of Syndico Thompson, who is a person of unsound mind, and the defendant is the administratrix of the estate of her deceased husband. In order to understand the grounds upon which plaintiff relies to assert a cause of action the remainder of said petition is herein inserted. It is as follows:

"That prior to the death of said William Eno, to-wit, about the twenty-first day of January, 1890, said Syndico Thompson, ostensibly sold and conveyed to said deceased for the nominal consideration of $1,000, two hundred and eighty-six acres of land of the value of two thousand dollars, described as follows, to-wit: an undivided half of the northeast quarter of section 27; also the east half of the northwest quarter of said section 27, and 45 acres, part of the west half of the northwest quarter of section 26; all in township 46, range 7, as per deed recorded in book 29, page 612, in the recorder's office in said county of Callaway; also the following personal property, to-wit: about five head of horses, a lot of hogs, about fifty head of sheep, about fifteen head of cattle and a lot of household and kitchen furniture; which said personal property was of the value of at least $1,000, all upon the express condition and real consideration that the said William Eno would pay to him the sum of $950; that is to say, $450 in cash and assume a mortgage of $500 on said lands, and further, would board, clothe and care for said Thompson at his (Eno's) then house and home in said county during the balance of his (said Thompson's) life. That shortly after said pretended contract was made, to-wit, about three months thereafter, the said William Eno and his wife, Nancy A., the now administratrix of said estate, quarreled, or pretendingly quarreled, separated and abandoned the prem-

ises on which they then made their home and at which the said Thompson was, in pursuance of said agreement, to reside and be cared for, and left him, the said Thompson, to care for himself.

"Plaintiff avers and charges that at the time said contract was made the said Thompson was, and has ever since been, a person of such feeble mind as to be incapable of managing his own affairs, and a person easily imposed upon, a man advanced in years and feeble in body. That the said William Eno well knew his condition of mind at the time said contract was made, and with the intent to cheat and defraud the said Thompson out of his said property, induced the said Thompson to so formerly convey to him said real estate and personal property, and that he did so pretendingly quarrel with his said wife and abandon their home for the purpose of getting rid of said Thompson. That by reason of the premises, the said William Eno committed a breach of his contract aforesaid in this, to-wit: that since the said William Eno and his wife so abandoned the said Thompson, the said William Eno has wholly failed and refused to board, clothe or care for the said Thompson, as he was obligated to do under the contract aforesaid, though demanded so to do. But, on the contrary, took and disposed of said personal property, took the legal title to said real estate, placed the same of record, and died, the apparent legal owner thereof. That by reason of all which, the said Syndico Thompson has been and is damaged in the sum of $2,000.

"That by reason of the unsoundness of mind of said Thompson, he was, up to the time of his being adjudged incompetent, unable to prosecute his suit against the said Eno for his damages, or to rescind said contract. That the said Thompson in equity was, and this plaintiff now is, entitled to recover of the estate of said deceased, Eno, his damages aforesaid in and through this plaintiff, and to have the same

declared to be a lien on the real estate aforesaid to secure the same—said personal property having been disposed of.

"Wherefore, plaintiff asks judgment against the defendant herein for the said sum of $2,000, and that the same be declared to be a lien on the real estate aforesaid, as conveyed by said Thompson to said Eno and for all proper relief."

It is fair to proceed upon the theory that the plaintiff sues for damages for a breach of the contract set out in the petition, to-wit:    That Eno, during his lifetime, obtained from said Thompson a deed to his (Thompson's) interest in certain real estate situated in Callaway county, Missouri, and the possession and title to certain personal property, for which he was to pay said Thompson the sum of $950 in the following manner, to-wit: $450 in cash and assume an indebtedness on the land for $500, and for the further consideration that he (Eno) would board, clothe and care for him at his (Eno's), then house and home in said county during the balance of his (Thompson's) life.    But it was so intermingled with other matters that are foreign to the matter really in issue before the court that it is not a matter of surprise that mistakes should occur during the trial, and as the case must be reversed and sent back for retrial, the plaintiff should amend his petition and eliminate all those things which tend to obscure a meritorious cause of action, if it can be sustained by competent evidence.

Instruction number two, given in behalf of the plaintiff, is as follows:    "If the jury find for the plaintiff under instruction number 1 (which is correct) you will assess plaintiff's damages at a sum equal to the value of said Syndico Thompson's interest in said land, together with the value of such personal property so conveyed to said William Eno, at the time said conveyance was made, less a reasonable compensation to defendant for the time that he did keep, board and care for said Thompson, and the amount of money actually paid to or for said Thompson."

The defendant rightfully complains of this instruction. This is not, in our opinion, a suit to rescind a contract, but one for a breach of contract; and if we are right in that regard, the measure of damages would be the cost of the care, boarding and clothing, etc., of said Thompson during his natural life, less what care, etc., he had already received at the hands of Eno. The question of Thompson's imbecility of mind had nothing to do with this case except incidentally. And we can not see that there was any question of fraud to be tried. If Eno entered into the contract as alleged, it is immaterial as to what methods he resorted to in order to relieve himself of the burden he had assumed. The only question before the court and jury proper was, did Eno enter into the contract alleged and did he break it; and if so, how much was Thompson damaged thereby?

We think there was sufficient evidence for the case to go to the jury.

When the case is retried, no doubt the court will tax the cost as provided by sections 210 and 211, Revised Statutes 1899.

Defendant also complains of the action of the court in refusing her instruction number six and changing it by striking out certain words therein and giving it after it was so changed. As said instruction can have no place on the trial anew, upon any well-defined issue, it needs no consideration at our hands.

Cause reversed and remanded. All concur.