GARTON v. POWERS.

1. JURY—PEREMPTORY CHALLENGE.
    There was no error in permitting plaintiff to exercise peremptory challenge to juror after expressing himself satisfied with jury and after defendant had exhausted his peremptory challenges, since right to exercise peremptory challenge continues until jury is sworn.

Admissibility of tables of expectancy in evidence, see annotation in 40 L. R. A. 553.

2. MOTOR VEHICLES—NEGLIGENCE—QUESTION FOR JURY.

Question of negligence of automobile driver making left turn, who ran directly in front of approaching car, resulting in collision and injury to passenger, was properly left to jury, where there was no evidence of contributory negligence.

3. SAME—DUTY OF DRIVER BEFORE MAKING LEFT TURN.

It is duty of automobile driver desiring to make left turn to take proper position and wait for approaching traffic to pass before attempting to cross.

4. EVIDENCE—MORTALITY TABLES—DAMAGES.

Mortality tables of expectancy of life are competent on question of damages where permanent injury is shown, but are not controlling unless there is no other evidence on subject.

5. DAMAGES—MORTALITY TABLES—FUTURE DAMAGES.

Failure to introduce mortality tables did not bar plaintiff's right to recover for future damages where there was other evidence from which expectancy of life could be determined.

6. APPEAL AND ERROR—TRIAL—INSTRUCTIONS.

Question of error in court's charge will not be considered, on review, in absence of assignment of error thereon.

Error to Allegan; Miles (Fred T.), J. Submitted October 10, 1930. (Docket No. 62, Calendar No. 35,206.) Decided December 2, 1930.

Case by Fred Garton against Harold Powers for personal injuries sustained in an automobile accident. From judgment for plaintiff, defendant brings error. Affirmed.

*Leo W. Hoffman* and *Clare E. Hoffman* (*Carl E. Hoffman,* of counsel), for plaintiff.

*Mason, Alexander & McCaslin,* for defendant.

McDONALD, J. This is an action to recover damages for injuries received in an automobile collision. The plaintiff was riding in an automobile owned and

driven by the defendant, Harold Powers. They were driving on Edgewater drive in the city of Cleveland, Ohio, and had reached a point at its intersection with Clifton avenue. The defendant stopped his car, turned to the left and drove north across two lines of traffic directly in front of another car coming across the center of the street from the east. A collision followed in which the plaintiff was seriously injured. He recovered a verdict of $4,000, on which judgment was entered. The defendant has brought error.

In the third question discussed in his brief, the defendant claims that it was error for the trial court to permit the plaintiff to exercise a peremptory challenge to a juror after he had expressed himself as satisfied with the jury and after the defendant had exhausted his peremptory challenges.

This was not error. The right to exercise a peremptory challenge continues until the jury is sworn. *People* v. *Rich,* 237 Mich. 481.

Error is assigned on the refusal of the court to direct a verdict in favor of the defendant.

There was no evidence of contributory negligence, and the evidence as to defendant's negligence was properly left to the jury. His own testimony on this question would seem to be decisive. He testified:

"When I thought I had a chance to turn across the street, I started to turn across and go to the north, but before I got across I was hit by this car which was coming from the east. I didn't see this fellow coming from the east until just before he hit me. It was daylight, and there was no obstruction ahead of me that I saw. I simply turned to the left and he hit me. He was on his own right half of the street when he hit me. I didn't put on the brakes at any time. Just before I started to cross

the street Mrs. Garton said, 'you will never make it.' "

It was the defendant's duty to take a proper position in the intersection and to wait for approaching traffic to pass before attempting to cross. If he had done so and had kept a proper lookout, he would have seen the car coming from the east and could have avoided a collision. Mrs. Garton, who sat beside him, saw it and told him he could not cross. Notwithstanding this warning, he drove ahead directly in front of the other car. In view of these facts, he did well to get to the jury on the question of his negligence.

Further complaint is made that because the mortality tables were not put in evidence there was no basis for a finding of future damages.

Mortality tables of the expectancy of life are competent where permanent injury is shown, but they are not controlling unless there is no other evidence on the subject. It would have assisted the jury if they had been introduced, but there was other evidence from which they could determine his expectancy of life. There was a sufficient basis for a finding of future damages.

Many errors are assigned relative to rulings of the court in admitting and rejecting evidence. None of these assignments have merit. They present no new questions. We pass them without further discussion.

In his brief, defendant claims mistakes in the charge of the court. As no error was assigned on the charge, we do not here consider the questions raised.

The record shows no reversible error. The verdict was not excessive, and was well supported by the evidence.

The judgment is affirmed, with costs to the plaintiff.

Wiest, C. J., and Butzel, Clark, Potter, Sharpe, North, and Fead, JJ., concurred.