251 S.W.2d 339 (1952)
DEU FRIEND et al.
v.
McDERMOTT et al.
No. 28406.
St. Louis Court of Appeals, Missouri.
September 16, 1952.
Rehearing Denied October 17, 1952.
*340 Henry G. Morris, James C. Porter, St. Louis, for appellant.
Rudolph K. Schurr, Robert L. Inman, St. Louis, for respondent.
HOUSER, Commissioner.
This is a suit instituted by William and Loretta Deu Friend, husband and wife, against Edgar McDermott and McDermott-Leonard Construction Company, a corporation, to recover a sum of money claimed to be due plaintiffs from defendants under an oral contract.
Plaintiffs alleged in their petition that on August 18, 1948 they entered into an earnest money contract with Edgar McDermott and the above named corporation for the purchase of a house and lot for $16,000; that defendants were to complete a ranch house thereon for plaintiffs by October 18, 1948; that they paid down the sum of $500; that the house was not completed on time and that the closing date was extended to April 10, 1949; that plaintiffs paid an additional sum of $500 earnest money on February 10, 1949; that plaintiffs spent $742.19 in improving the property and building; that before the closing date, for certain reasons alleged, it was agreed between the parties that defendants would return the $1,000 deposited by plaintiffs plus the $742.19 expended by plaintiffs in the improvement of the property in consideration of plaintiffs not closing the deal under the earnest money contract, and that although defendants promised to return to plaintiffs the sum of $1,742.19 paid out by them defendants have refused plaintiffs' requests therefor.
Defendants' answer admitted the execution of the earnest money contract between plaintiffs and the corporation, but denied that the individual defendant was a party to the contract or was acting in behalf of himself; alleged that Edgar McDermott was an agent only for the corporation; alleged failure of plaintiffs to close the earnest money contract and pay the balance due the corporation thereunder; alleged that the corporation was ready to consummate the deal but that plaintiffs were unable to finance the property, and claimed a forfeit of the earnest money paid, by virtue of plaintiffs' breach of the contract.
Plaintiffs' testimony showed that on August 18, 1948 a receipt for earnest money was signed by "Edgar McDermott, Agent" acknowledging payment by plaintiffs of $500 as earnest money and part purchase money for a certain lot with improvements sold to plaintiffs for $16,000, payable $8,000 in cash and $8,000 in deferred payments. October 18, 1948 was fixed as the closing date in the contract. The house was not completed on that date. On February 10, 1949 an additional $500 was paid by plaintiffs to Edgar McDermott and the contract was extended to April 10, 1949. The extension agreement was signed "Edgar McDermott." About the middle of the month of March, 1949 Edgar McDermott telephoned to William Deu Friend and requested him to come to the office, where McDermott asked Deu Friend if he was having any luck in selling the property in which he was living in Kirkwood. On receiving a negative answer McDermott said they were selling the property *341 "real fast" in Ferguson Fields where the property under contract was located; that he had quite a few "lookers" at the place plaintiffs were buying; that he had had an offer for it in excess of $16,000 and asked Deu Friend why he should not let him go ahead and sell it. Deu Friend asked McDermott how he would "come out on a thing like that" and McDermott told him " * * * If you agree not to close the deal on the Ferguson Fields property, we will go ahead and sell it and then we will give you back the money that you have in it." The conversation further proceeded as follows, Deu Friend speaking: "And I said, well, how much money would I get back? Would you pay me all my money back? He said, yes, we would give you your $1,000 back. I said, well I have seven hundred forty two dollars and I think nineteen cents in improvements in the place. He said, we would give that back to you also." "Q. Anything else said? A. Yes, I asked him if he didn't think that should be put in writing on my piece of paper there. And he said no, it didn't have to be. That he had been in business there all his life and his word was as good as his bond. Q. * * * Now did you then not close the deal with reference to the property in question? A. That is right." Later in his examination Deu Friend testified that he did not want the house in Ferguson Fields after he talked to McDermott; that Due Friend told McDermott that if he had a buyer for the house for more than he had contracted to pay "he should go ahead and sell it then" and that McDermott told him he was going to return his money to him. After April 10, 1949 Deu Friend talked to McDermott several times. Towards the end of April he asked him if anything had been done with respect to the property and McDermott said he was working on it and that he had an offer in excess of $16,000. In a conversation around the middle of May McDermott said nothing further had been done on it; that the deal was going through but it had not been settled as yet, and to keep in touch with him. At the end of June McDermott told him everything had gone through, the deal had been closed and that he had received in excess of the amount plaintiffs had agreed to pay for the house. It was then that Deu Friend asked for his money back and McDermott told him he had no money coming. During the period of the contract the Deu Friends advertised their home in Kirkwood for sale, and had an opportunity to sell it at one time but did not do so because the other house had not been finished; although the advertising was still appearing in the paper in the latter part of March William Deu Friend did not think it was being advertised in the month of April, 1949.
Edgar McDermott, testifying for defendants, denied the existence of the alleged oral contract to rescind and stated that the only conversation had with the Deu Friends was about November 1, 1949, some seven months after the earnest money contract had expired, at which time they came to the office and asked for their earnest money back and for the extras they had put in.
The jury found the issues for plaintiffs and against both defendants and returned a verdict in the sum of $1,742.19 plus interest, a total of $1,942.19. Appellants duly perfected their appeal to this court from the judgment entered on the verdict.
Appellants deny the formation of an oral contract. They contend that the offer made by Edgar McDermott was not accepted by William Deu Friend or by his wife Loretta. From the statement of facts it is clear that there was sufficient evidence to submit to the jury the question of acceptance by William Deu Friend of the offer of Edgar McDermott. Although there is no direct evidence that Loretta Deu Friend formally accepted the offer it is not "in all events essential that the parties' assent to the rescission shall be established by proof of express agreement to that effect, but it may as well be implied from the acts and conduct of the parties with respect to the subject matter with which the contract dealt." Henges Co. v. May, Mo.App., 223 S.W.2d 110, 112 and authorities cited. See also Conroy Piano Co. v. Pesch, Mo.App., 279 S.W. 226. It has been held that where one party claims to rescind a contract, the rescission is by mutual consent where the other party agrees to the rescission or does not object thereto and permits it to be rescinded. "So, a contract *342 will be treated as abandoned where the acts of one party inconsistent with its existence are acquiesced in by the other." Alropa Corp. v. Smith, 240 Mo.App. 376, 199 S.W. 2d 866, loc.cit. 871. The acceptance of the offer and the assent of Loretta Deu Friend to the rescission of the contract in the instant case could be inferred by the jury from these facts: that the offer of McDermott called for the nonassertion of respondents' right to demand that the earnest money contract be closed; that she did not assert her right prior to the expiration date of the contract; that she did not object, but apparently acquiesced in the sale of the property to another by McDermott, so that her conduct in all respects was consistent with acceptance of the offer and with the existence and terms of the contract; and that she later asserted a claim to the benefits of the oral contract by the filing of suit.
Appellants next contend that there was no consideration for the promise to repay the amount of the earnest money and the value of the improvements. If the contract of August 18, 1948 had been wholly executory it might have been set aside by mutual agreement without the necessity of consideration. Stoedter v. Turner, Mo. App., 237 S.W. 141; Jose v. Aufderheide, 222 Mo.App. 524, 293 S.W. 476. The original contract was not wholly executory, but had been partly executed by the payment by respondents of the sum of $1,000 as earnest money, and by the act of appellants in delivering to respondents the key to the house and their exercise of dominion over the premises, including the making of improvements thereon. There was, however, a sufficient consideration to support the oral contract to rescind the agreement of August 18, 1948. In Facendini v. Hillman, Mo.App., 298 S.W. 1073, a case of mutual agreement to rescind a contract of sale of a filling station and automobile repair shop, it was held that the plaintiff's act of returning the property to defendant was a sufficient consideration for defendant's release of plaintiff's liability under the contract of sale for the payment of the balance of the purchase price, as well as for defendant's agreement to repay to plaintiff the amount of the down payment. In the instant case appellants admit in their brief that plaintiffs were the purchasers under a partly executed contract; that they were put in actual possession of and exercised dominion over the land, and that under the oral agreement not only was the interest of plaintiffs to be revested in defendants, but also the improvements made by plaintiffs at their own cost of $742.19, some of which had been attached to and become a part of the land, were to be vested in defendants. Plaintiffs' return of the improved property to defendants by mutual consent of the parties furnished a sufficient consideration for the release by defendants of plaintiffs' obligation under the earnest money contract as well as for the agreement to repay to plaintiffs the value of the improvements made. See Furrer v. Haupt, 329 Mo. 1087, 49 S.W.2d 53, loc.cit. 57[3].
Appellants further contend that if there be an oral contract it is invalid for the reason that the Statute of Frauds, Section 432.010 RSMo 1949, V.A.M.S., was not complied with. The obligation of respondents under the oral contract was not to close the earnest money contract, but to permit appellants to sell the home to someone else and to give up their interest in the contract and in the property, including their interest in the improvements which they had made on the property. Respondents fully performed all of their obligations under the oral contract. In reliance upon it they made no further efforts to have the money ready to complete the transaction on April 10, 1949, allowed the contract to expire without asserting their rights, permitted without objection the resale of the property to another, abandoned and gave up all other rights and interests in the property and in the contract. An oral agreement, even though otherwise within the application of the Statute of Frauds, is removed from the prohibition of the statute where it has been fully performed by one of the parties thereto and the other party has had the benefit of such performance. Cochran v. Jefferson County Lumber Co., Mo.App., 132 S.W.2d 32; Sloan v. Paramore, 181 Mo.App. 611, 164 S.W. 662.
Finally, appellants contend that if there is any liability on the part of defendants *343 it is an alternative liability and not a joint or joint and several liability; that plaintiffs cannot hold both defendants liable. In this connection appellants contend that plaintiffs' evidence was a departure from the cause of action pleaded; that plaintiffs alleged and were obliged to prove that Edgar McDermott and the corporation were both parties to the contract and that whereas plaintiffs' proof showed that the individual was a party to the contract it failed to show that the corporation was a party thereto. There is no question that the corporation was a party to the earnest money contract of August 18, 1948. Plaintiffs alleged, and the answer of both defendants admitted, the fact. In addition, Edgar McDermott testified that he was president of the corporation, representing the corporation in the building, financing and selling of homes, including the sale to plaintiffs, and that he signed the contract of August 18, 1948 with plaintiffs as agent of the corporation. There was also sufficient evidence from which the jury could find that the corporation, through the agency of its president, Edgar McDermott, was a party to the oral agreement to rescind. Appellants contend, however, that plaintiffs cannot recover against both the principal and the agent; that if the fact of the agency or the identity of the corporate principal was unknown to plaintiffs at the time they contracted with Edgar McDermott, plaintiffs would have an election to pursue either the principle or the agent but could not recover against both, citing Grether v. Di Franco, Mo.App., 178 S.W.2d 469; Hartwig-Dischinger Realty Co. v. Unemployment Compensation Commission, 350 Mo. 690, 168 S.W.2d 78; Gordon v. Andrews, 222 Mo.App. 609, 2 S.W.2d 809. We are of the opinion, however, that plaintiffs under the evidence in this case could recover against both defendants. They could recover against the principal because of the acts of its duly authorized agent. They could recover against the agent on his personal responsibility voluntarily incurred whereby he pledged his own credit in addition to that of his principal. McDermott told William Deu Friend that if he agreed not to close the deal on the Ferguson Fields proprety "we will go ahead and sell it and then we will pay you back the money that you have in it" and when asked if that should not be put in writing on paper Edgar McDermott said that it did not have to be placed in writing, that he "had been in business there all his life and his word was as good as his bond." The evidence made it a question of fact for the jury whether McDermott was acting individually as principal for himself, as well as agent for the corporation. Eckel v. Gruebel, Mo. App., 226 S.W. 983; 3 C.J.S., Agency, § 215(c), p. 122. See also Meyers v. Kilgen, 177 Mo.App. 724, 160 S.W. 569.
Appellants attack Instruction No. 1, given at plaintiffs' request, on these grounds: (1) That it submits the question of acceptance of the offer when there was no competent evidence of acceptance. What we have said with respect to the sufficiency of the evidence of acceptance disposes of this point. (2) That it does not require a finding that the additional $500 was paid to Edgar McDermott in his capacity as agent for the corporation. This is immaterial in view of the admission contained in defendants' answer of the allegations of plaintiffs' petition that at all times mentioned therein Edgar McDermott was acting in behalf of the corporation. (3) That it assumes that the additional $500 was paid as earnest money. Edgar McDermott testified that the additional money was put up, "probably" at his request, to extend the contract to April 10, 1949; and that "it is customary to put up more money after a contract expires because the contract is null and void." There was no dispute about the character of the payment of the additional $500. The reference to the total sum paid as "earnest money" could not have misled the jury or prejudiced appellants.
So finding, the Commissioner recommends that the judgment be affirmed.
PER CURIAM.
The foregoing opinion of HOUSER, C., is adopted as the opinion of the court.
The judgment of the circuit court is, accordingly, affirmed.
BENNICK, P. J., and ANDERSON and WEBER, JJ., concur.