**Waltraud SANDERS,
Plaintiff-Respondent,**

v.

**DeLOIRE CORPORATION, Kodner Development Corporation, and Mike Kodner, Defendants-Appellants.**

No. 42870.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 27, 1982.

Carl A. Enger, St. Louis, for plaintiff-respondent.

Gallop, Johnson, Codiner, Morganstern & Crebs, Gregory J. Christoffel, Clayton, for defendants-appellants.

SIMON, Judge.

DeLoire Corporation (DeLoire), Kodner Development Corporation (KDC) and Mike Kodner (Kodner), all defendants, appeal from judgment in a court tried action for breach of contract in which Waltraud Sanders (Plaintiff) was awarded $3500 actual damages and $5000 punitive damages.

The sequence of events is paramount to a resolution of the dispute. We relate the events as follows: On March 6, 1977, plaintiff and DeLoire, a builder and developer, entered into a written sales contract for the purchase of Lot # 20 in Somerset Ridge Subdivision and the construction of a home on the lot. Plaintiff paid $2000 to DeLoire as and for earnest money. Construction was to be completed within four months of the execution of the contract unless delays beyond the control of DeLoire ensued, then completion was extended to the cessation of such delays plus sixty (60) days. The foundation for the home was poured in early May, 1977. In June, plaintiff complained to DeLoire about its failure to complete the home and spoke to Mr. Kodner, who assured her the home would be completed by July 24. By July 24, 1977, only the basement foundation and one wall were completed. Plaintiff again complained to Mr. Kodner and he told her he owned both DeLoire and KDC, and that he would personally stand behind the deal and have the home completed before school started. On July 28, 1977, plaintiff's attorney sent a letter to Kodner advising of his representation of the plaintiff and requesting that Kodner contact him upon receipt of the letter. Sometime before the attorney sent the letter, the plaintiff spoke to Mr. Ducker, a representative of DeLoire, and demanded a return of her earnest money and Mr. Ducker agreed that the earnest money would be mailed to her. In October, the house was not completed, but it was being offered for sale by another realty company, not a party to this action. The title to the property had been conveyed by deed to another corporation, also not a party to this action, of which Kodner is an officer.

DeLoire admits that the plaintiff is entitled to a refund of the earnest money but contends that the funds were not tendered because plaintiff's attorney demanded that his fee be paid also. The trial court found for the plaintiff against all defendants, but did not enter findings of fact and conclusions of law.

On appeal, defendants raise three points of error: (1) the trial court's awarding of actual damages beyond $2000 is not supported by substantial evidence and was beyond the terms of the contract; (2) the trial court erred in granting judgment against KDC and Kodner for they are not parties to the contract and there was no evidence to disregard the corporate entity of DeLoire; (3) the trial court erred in awarding punitive damages in that the evidence does not support such an award and plaintiff's petition failed to properly plead such damages.

We hold that the judgment for actual damages is affirmed as to DeLoire Corporation and Mike Kodner but reversed as to Kodner Development Corporation and the judgment for punitive damages is reversed as to all defendants. Our standard of review of a court tried case is well established. We must affirm the judgment if it is supported by substantial evidence, is not against the weight of the evidence and the court did not erroneously declare or apply the law. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). Also in cases where the court did not make findings of fact and conclusions of law, none being

requested, we will resolve all fact issues in accordance with the court's judgment, which will be affirmed if it can be supported on any reasonable theory of law in accordance with the evidence. Rule 73.-01(a)(2), *Roth v. Roth*, 571 S.W.2d 659, 664, 668 (Mo.App.1978).

Applying these standards to the present case, we affirm the actual damage award of $3500 as to DeLoire and Kodner, but not as to KDC and reverse the punitive damage award of $5000 as to all defendants.

■ Our review of the record indicates substantial evidence to support the actual damage award as to DeLoire and Kodner. Kodner argues that his statement as to "standing behind the deal" is not sufficient. We disagree. See *Carvitto v. Ryle*, 495 S.W.2d 109 (Mo.App.1973); *Deu Friend v. McDermott*, 251 S.W.2d 339 (Mo.App.1952). The record is devoid of any evidence to support the judgment against KDC.

■ Likewise, the award of punitive damages as to all defendants is not supported by the record. Generally, punitive damages are not recoverable in an action on a contract unless the breach amounts to an independent, wilful tort. *Sands v. R. G. McKelvey Bldg. Co.*, 571 S.W.2d 726, 732 (Mo.App.1978). The actions of DeLoire, Kodner and KDC do not rise to that level. The failure to complete the house and/or to return the earnest money is not a tort under the circumstances herein.

Accordingly, the judgment for actual damages as to DeLoire Corporation and Mike Kodner is affirmed; the judgment for actual damages as to Kodner Development Corporation and the judgment for punitive damages as to all defendants is reversed.

DOWD, P. J., and GUNN, J., concur.