**Olinda LEH, Plaintiff-Respondent,**

v.

**Robert and Connie DYER, Defendants-Appellants.**

**No. 44727.**

Missouri Court of Appeals, Eastern District, Division Four.

Oct. 12, 1982.

Motion for Rehearing and/or Transfer Denied Nov. 19, 1982.

Application to Transfer Denied Jan. 17, 1983.

Andrew F. Puzder, James Zemelman, St. Louis, for defendants-appellants.

H. Kent Munson, Stolar, Heitzmann, Eder, Seigel & Harris, St. Louis, for plaintiff-respondent.

SMITH, Presiding Judge.

Defendants Dyer appeal from a jury verdict and resultant judgment against them in the amount of $35,315.00 in an action for breach of an oral contract to support plaintiff for life. We affirm.

No contention is made that the evidence was insufficient to support the verdict. In 1964, plaintiff, then 68, and defendants, her granddaughter and grandson-in-law, entered into the oral contract upon which this suit was based. Plaintiff agreed to supply $10,000 to be used as a down payment on a house to be purchased by defendants, and defendants agreed to allow plaintiff to live therein for the rest of her life (plaintiff's testimony) or as long as she wanted (defendant's testimony). Plaintiff was to pay no rent, and defendants would provide food and utilities. Plaintiff paid the money to defendants; they used the money as the down payment and all parties moved into the house. Problems developed over the years and in November 1977 plaintiff moved out. There was evidence which would support the conclusion that plaintiff was forced to vacate by defendants.

Defendants first contend that the instruction on damages was erroneous. While the parties treat that instruction as patterned on MAI 4.02, we find the pattern and the product so diverse as to defy correlation. We treat the instruction as a not-in-MAI submission. It read:

"If you find the issues in favor of plaintiff, then you must award plaintiff such sum as you find from the evidence to be the reasonable cost of living quarters, utilities and food for plaintiff, according to her circumstances, from November 1, 1977 to date, plus the present value of such living quarters, utilities and food for life expectancy of plaintiff of 6.8 years."

■ Defendants contend that the proper damage instruction was MAI 4.01 or possibly 4.08. There is no specified instruction in MAI for breach of contract for support. MAI 4.08 is to be used only in cases involving contracts in which substantial performance is sufficient. MAI 4.08 Note on Use. We do not find it applicable here. MAI 4.01 may be used in breach of contract actions when modified to substitute "breach of contract" for "occurrence mentioned in the evidence." *Boten v. Brecklein,* 452 S.W.2d 86 (Mo.1970) [11–13]; *Stamm v.*

*Reuter,* 432 S.W.2d 784 (Mo.App.1968). But because it may be used does not mean it must be. In actions for breach of special types of contracts a not-in-MAI instruction correctly specifying the measure of damages is preferable. *National Beef Packing Co. v. Missouri Pacific Railroad Co.,* 479 S.W.2d 155 (Mo.App.1972) [4]. The instruction here correctly specified the items of damage to which plaintiff was entitled. *Poston v. Eno,* 91 Mo.App. 304 (1902); 73 AmJur.2d Support of Persons § 35 (1974). It restricted the jury to consideration of only the proper items of damage and precluded the speculation which might have occurred under MAI 4.01. We find neither error nor prejudice.

■ Defendants also take issue with the reference to 6.8 years as plaintiff's life expectancy. This reference was based upon the life expectancy of plaintiff at the time of trial according to the mortality tables in V.A.M.S., Vol. 42 (Supp.), of which the court took judicial notice. Standard mortality tables are admissible into evidence and properly may be considered by the jury to determine life expectancy. *Moore v. Ready Mixed Concrete Co.,* 329 S.W.2d 14 (Mo. banc 1959) [13]. Our courts will take judicial notice of such tables. *Jackson v. Cherokee Drug Co.,* 434 S.W.2d 257 (Mo. App.1968) [10]. Such tables are not an absolute guide to the judgment of the jury and may be rebutted. *Davis v. Springfield Hospital,* 196 S.W. 104 (Mo.App.1917) [7]; *Collins v. Star Paper Mill Co.,* 143 Mo.App. 333, 127 S.W. 641, l.c. 643–4 (1910). However, a jury does not have the expertise (if in fact anyone does) to determine the longevity of the usual witness by viewing him on the stand. The only evidence of plaintiff's life expectancy, other than the mortality tables, was her testimony that she was in good health and the defendants' testimony that she had relatives who lived for a long time. The only conclusion this evidence would support was that plaintiff's life expectancy was at least that shown in the mortality tables. The inclusion of the 6.8 years in the instruction was therefore based upon the only evidence of plaintiff's

life expectancy before the jury and was not erroneous. *Collins v. Star Paper Mill Co., supra; Buschbaum v. Hale,* 97 Ind.App. 219, 182 N.E. 93 (1932) [1, 2]; *Garton v. Powers,* 252 Mich. 442, 233 N.W. 373 (1930) [5, 6]; *Davis v. Michigan Cent. R. Co.,* 117 Mich. 479, 111 N.W. 76 (1907) l.c. 78; *Secord v. John Schroeder Lumber Co.,* 160 Wis. 1, 150 N.W. 971 (1915) [2]. Such inclusion eliminated improper speculation by the jury on this key element of plaintiff's damages. We find no error.

Defendants next contend that the verdict-directing instruction based on MAI 26.06 omitted the second paragraph of that instruction requiring a finding that "plaintiff performed her agreement." It is not necessary that a verdict-directing instruction hypothesize facts about which there is no dispute. *Vic Koepke Excav. & Gr. Co. v. Kodner Dev. Co.,* 571 S.W.2d 253 (Mo. banc 1978) [1]. *Weisman v. Herschend Enterprises, Inc.,* 509 S.W.2d 32 (Mo.1974) [1–3]; *Cline v. Carthage Crushed Limestone Co.,* 504 S.W.2d 102 (Mo.1973) [6, 7]. Both plaintiff and defendants testified that plaintiff's obligation under the contract was to supply $10,000 [1] and that plaintiff supplied $10,000. The issue of performance was conceded and no instruction thereon was required.

Next defendants contend that portions of a deposition of an accountant were erroneously admitted into evidence because the record did not show unavailability of the witness pursuant to Rule 57.07(a)(3). The only objection raised at trial was that the deposition was cumulative and invaded the province of the jury. There was no error in admitting the deposition in the absence of proper objection. *Barr v. Hawe,* 166 S.W.2d 244 (Mo.App.1942) [3]. It is particularly important that the objection now raised be presented at the time the deposition is offered, for Rule 57.07(b) provides the side offering the deposition several methods of proving the unavailability of the witness. Defendants' failure to raise the present objection may well have led plaintiff not to offer the proof necessary to qualify the deposition.

Defendants' final point is that the agreement is unenforceable under Sec. 432.010, RSMo 1978 (Statute of Frauds), because the contract was for an interest in or concerning land. This contention is based on such an allegation contained in Count II of plaintiff's petition which was dismissed prior to trial. The evidence at the trial was that the contract was one for support. Such contracts are not subject to the statute of frauds as they may be performed within a year in the event of death of the person to be supported. 73 Am-Jur2d, Support of Persons § 4 (1974). Furthermore, full performance of an oral agreement by one of the contracting parties renders the Statute of Frauds inapplicable. *Scott v. Potter Plumbing & Heating, Inc.,* 596 S.W.2d 492 (Mo.App.1980) [5–7]; *Deu Friend v. McDermott,* 251 S.W.2d 339 (Mo.App.1952) [6, 7]. Plaintiff's full performance was admitted by defendants.

Judgment affirmed.

SATZ and PUDLOWSKI, JJ., concur.

---

1. One defendant testified the amount was not fixed and she expected it would be only $2,000.