729 S.W.2d 634 (1987)
L.G., Appellant,
v.
F.G.H., R.A.G., and Estate of H.A.G., Respondent.
No. 51875.
Missouri Court of Appeals, Eastern District, Division Three.
April 21, 1987.
Motion for Rehearing and/or Transfer Denied May 20, 1987.
Application to Transfer Denied June 16, 1987.
*635 Philip Heagney, St. Louis, for L.G.
Scott O. Marshall, Clayton, for F.G.H.
Ronald E. Fox, St. Louis, for R.A.G.
Allen A. Yonder, St. Louis, for Estate of H.A.G.
*636 KAROHL, Judge.
Plaintiff-Appellant, L.G. appeals from dismissal on motion of her first amended petition. Count I alleges a contract between L.G. and H.A.G., her father, wherein he agreed to make certain provisions in his will for her benefit, but failed to do so. Count II, in the alternative to Count I, alleges that plaintiff's claim is a probate claim within the meaning of §§ 473.360-473.443 RSMo Cum.Supp. 1984 based on a contract between plaintiff and her father the provisions of which should be ordered specifically performed.
This appeal questions a dismissal on the pleadings. The trial court did not give reasons for the order of dismissal. The separate motions of defendant F.H., plaintiff's sister, R.A.G., plaintiff's brother, and the estate of H.A.G., rely on legal defenses to plaintiff's separate causes of action. They are: 1) both counts constitute a probate claim which was not filed within 6 months of the date of first publication of notice of letters testamentary and are therefore barred by the statute of limitations, § 473.360 RSMo Cum.Supp. 1984; 2) both claims are barred by the statute of frauds because they are based upon an oral promise to make provisions in a will; and 3) because the alleged consideration furnished by plaintiff to her father was a consent to an abortion of a child. The consideration is not, or as a matter of public policy should not be, recognized as lawful consideration for a contract.
For purposes of this appeal we are required to accept the well pleaded facts in the petition as true and to consider those facts under their broadest intendment. Gaines v. Monsanto Co., 655 S.W.2d 568, 570 (Mo.App.1983).
From the pleadings, petition, answers and motions, we discern the facts. Prior to January 18, 1980, H.A.G., plaintiff's father who was a widower had prepared a will in which he treated his three children, L.G., F.H. and R.A.G. equally. On that day, plaintiff, a single woman, notified her father, brother and sister that she was pregnant and that she had no intention to marry as a result of her pregnancy. Shortly thereafter, H.A.G., revoked his existing will and executed a will dated January 18, 1980, in which he eliminated L.G., as a co-equal beneficiary of a trust from the residue of the estate. In the new will H.A.G., provided for plaintiff with a specific bequest of $25,000. The residue of the estate was to be paid to a trust and the trustees were to provide plaintiff's brother and sister with the income. On the death of the survivor distribution of corpus goes to grandchildren. The trustees are authorized to encroach upon the principal of the trust for the income beneficiaries.
Some time after execution of the new will, H.A.G. notified his daughter that he had changed the will, but would return to his original plan "if she would terminate her pregnancy without giving birth." Within a period of two weeks and prior to January 31, 1980, plaintiff terminated her pregnancy and notified her father. H.A.G. advised plaintiff he would honor his part of the agreement. However, H.A.G. died on November 30, 1984 and his will, dated January 18, 1980, was offered and accepted for probate. The validity of the will is uncontested. Plaintiff's position relies on the proposition that in addition to the terms of the will and to the extent required by agreement, the provisions of the will should be read to include the provision of the oral agreement.
On December 29, 1984, the notice of appointment of personal representatives was first published as required by § 473.033 RSMo 1978. Plaintiff's original petition was filed in circuit court on September 23, 1985.
Plaintiff has preserved five errors of the trial court which she claims justify a remand for trial on the merits. They are: 1) Count I of plaintiff's petition based upon an oral contract to make a will is not a probate claim and is therefore not barred by § 473.360 and 473.367 RSMo Cum.Supp. 1974; 2) if Count I is a probate claim then the provisions of § 473.360.2 do not constitute a limitation bar because the "claim" is not payable from any assets of the probate estate; 3) even if the alternative Count II is a probate claim then defendants are estopped *637 to raise the six month period of limitations as a defense because after the death of their father, but before the tolling of the statute plaintiff and her brother and sister agreed that the will would be probated and the resulting trust administered so that they would be co-equal beneficiaries; 4) the legal defense of statute of frauds does not apply because plaintiff as a party to the contract had fully performed all obligations agreed to; and, 5) the oral contract was not, as a matter of law, unenforceable as against public policy or violative of § 188.039 RSMo 1978 [no physician shall perform an abortion unless, prior to such abortion, the physician certifies in writing that the woman gave her informed consent, freely and without coercion].
We look to the first two allegations of error. Both assertions of error depend upon whether or not Count I of plaintiff's petition is a probate claim as defined in the probate code. If it is not a probate claim then the special statute of limitations for probate claims does not apply, the premise of Count II fails and it is not necessary for us to consider the alternative argument of estoppel.
Section 473.360.1 RSMo Cum.Supp. 1984 mandates that claims, with exceptions not relevant here, ".. founded on contract or otherwise, which are not filed in the probate division, or are paid by the personal representative, within six months after the first notice of letters testamentary or of administration, are forever barred against the estate, the personal representative, the heirs, devisee and legatees of the decedent." Subsection 2 of that statute provides that unless timely filed "no recovery may be had in any action on any judgment therein against the personal representative out of the assets being administered upon in the probate division or from any distributee or any other person receiving the assets." (our emphasis)
Section 473.397 RSMo Cum.Supp. 1984 provides nine separate classifications of claims, the only one of which that could be relevant to our present purpose is "(9) all other claims not barred by § 473.360." Section 473.403.1 authorizes the court to allow any claim in whole or in part. Subsection 2 of this statute provides "[e]xcept in case of the personal representative's own claim, any claim may be paid by the personal representative, without allowance thereof by the court, and credit may be had therefore in his settlement, provided the same is either paid or filed within the time prescribed by § 473.360 ..." Section 473.430 RSMo Cum.Supp. 1984 provides "[a]ll claims and statutory allowances against an estate shall be paid by the personal representative, as far as he has assets, in the order specified in § 473.397; ..." (our emphasis) Section 473.433 RSMo Cum.Supp. 1984 protects a personal representative from any obligation to make any payment on claims prior to the expiration of six months and authorizes payment only if a claim has been timely filed, except costs and expenses of administration, unless a claim has been served or acknowledged by the personal representative to be a just claim. Section 473.543 RSMo Cum.Supp. 1984 requires a personal representative to file a settlement and show the amount and date of each expenditure or distribution, and to whom and for what paid. Section 473.570 RSMo Cum.Supp. 1984 provides that after every settlement and under certain circumstances the court shall ascertain the amount of claims allowable against the estate, and may order the payment of the claims so allowable. This section also makes provision for those situations where there are not sufficient assets to pay the whole of the debts and expenses of administration, in which case, the court may order the personal representative to pay the claims allowable against the estate according to an apportionment formula. Section 473.573 RSMo 1978 grants to a creditor authority to execute on any allowed claim not paid.
Section 473.583 RSMo 1978 provides that the personal representative shall petition the court to allow and approve his final settlement "if the estate is in a proper condition to be closed" and shall specify in the petition the persons to whom distribution is to be made and the proportions or parts of the estate to which each is entitled. The expression "in a proper condition to be *638 closed" is used in §§ 473.583, 473.587 and 473.617. We find no statutory definition of this term. It apparently means when all of the assets have been administered and all claims paid because a net balance or description of assets remaining in the estate must be described in the final settlement and the petition for distribution. This is so because the court is required by the provisions of § 473.617.2 to designate the persons to whom distribution is to be made, and the proportions or parts of the estate, or the amounts, to which each is entitled under the will and the provisions of this law. The court could not comply with this requirement unless all assets had been accounted for and all claims paid. Finally, "claims" is defined in § 472.010(3) RSMo 1978 to include "liabilities of the decedent which survive whether arising in contract, tort or otherwise, funeral expenses, the expense of a tombstone, and costs and expenses of administration."
We conclude that plaintiff has not asserted a probate claim against the estate. Plaintiff's recovery does not depend upon any debt owed to her by her father. Claims have been interpreted to be substantially the equivalent of "debts". State ex rel Emmons v. Hollenbeck, 394 S.W.2d 82, 87 (Mo.App.1965). Plaintiff does not allege that her father owed her a debt. Rather, she contends that he agreed to write certain provisions into his will. A contract to make a will is a recognized cause of action in Missouri. See, Easley v. Easley, 333 S.W.2d 80 (Mo.1960). This case recognized and enforced an oral contract to make a will on the basis that it would be a fraud on the performing party to apply the statute of frauds as a defense and found that a court was authorized to order the contract specifically performed. In general, the legal rights of a beneficiary under the will are derived from the provisions of the will and not from any right or claim.
With these general statements in mind we look to the provisions of the probate code previously noted in light of the facts and plaintiff's legal theory. If the court determined that the plaintiff was entitled to the benefit of a contract with her father the result would be that the probate estate would be managed under the provisions of the probate code and the exact same assets would be distributed to the testamentary trustee. Count I does not pray a judgment against the personal representative out of the assets being administered. If Count I was a probate claim then, if allowed, it fits no classification in § 473.397. The enforcement of allowance of such "claim" would not and could not affect any other creditors of the estate. The plaintiff's brother and sister are not creditors of the estate. If plaintiff's position was that of a claimant then the probate court would be required to make a determination whether to allow, § 473.403, and if allowed to classify the claim, § 473.397. The probate court would have to determine the nature and extent of the amount of the claim. That is not possible in the present case. If determined, allowed and classified, but not paid, plaintiff would be a creditor and entitled to execute on the assets of the estate. Section 473.573 RSMo 1978. That is not possible. Of greatest significance is the fact that if plaintiff is successful no benefits will come to her from the probate assets. If the will is "amended" by reason of a judicial determination that H.A.G. was contractually obligated to so draw his will as to provide for the plaintiff then plaintiff will become an income beneficiary of a testamentary trust sharing equally with her brother and sister. The provisions for apportionment of claims cannot apply to plaintiff's cause of action.
Finally, if plaintiff's cause of action is a probate claim and subject to the six months limitations for filing then its allowance without payment would prevent the probate estate from ever being "in a proper condition to be closed" unless the claim was first paid. Accordingly, we conclude that Count I of plaintiff's petition states a cause of action which is neither a probate claim nor debt on the assets of the probate estate, that the classification of claims provisions have no application nor do those of proportional payment, and therefore that the time limitations provision of § 473.360 RSMo Cum.Supp. 1984 are inapplicable to *639 Count I of the petition. The court erred in dismissing Count I of plaintiff's petition as untimely filed. However, it follows that Count II, self-described as an alternative probate claim, fails to state a cause of action and was properly dismissed. By definition it does not state a recognized cause of action.
In view of our decision on the nature of the cause of action we need not decide the estoppel issue.
Plaintiff's fourth claim of error is that the trial court erred in dismissing Count I of her petition if it did so on the basis of the statute of frauds. This contention is supported by Easley v. Easley, 333 S.W.2d 80, 83 (Mo.1960). Given the unopposed statement of facts plaintiff L.G. fully performed an oral agreement. Her father recognized her performance and received what he perceived to be a benefit. Except for considerations of public policy, to be discussed hereafter, plaintiff's actions constitute consideration flowing from her to her father in support of her claim of a contract. This is true even if, as defendants' claim, plaintiff's decision was a result of her affection for her father and also in her own personal interest. We have studied the cases cited in support of that proposition and find them not persuasive. The only case even remotely similar to the facts of this case holds the opposite. In Malone v. Spangler, 606 S.W.2d 218 (Mo.App.1980) defendants argued that plaintiff's performance was not referrable solely to the oral contract, but a result of the affection that existed between the plaintiff and the deceased. The court held that the existence of affection did not detract from the fact that plaintiff's actions were in performance of her part of the oral agreement. The court concluded that her performance was referrable to the contract with the deceased and no other. Id. at 221-222. Plaintiff's full performance on her part of the agreement renders the statute of frauds inapplicable. Leh v. Dyer, 643 S.W.2d 65, 68 (Mo.App.1982).
Plaintiff also argues that the court erred if it decided the consideration which she offered and performed, an abortion, was not sufficient legal consideration for the contract for either of two reasons: that it should not be recognized as a matter of public policy; or recognition would violate § 188.039 RSMo Cum.Supp. 1984.
We first dispose of the matter of § 188.039 RSMo Cum.Supp. 1984. That statute was enacted in 1979 as part of an attempt by the legislature to regulate abortions. It provides, inter alia, that "[n]o physician shall perform an abortion unless... the physician certifies in writing that the woman gave her informed consent, freely and without coercion, ...." The patient is required to sign a consent on an appropriate form provided by the State Department of Health, acknowledging that she has been informed by the physician of three designated facts. The physician is authorized to inform the woman of other material facts and opinions. Defendants seem to argue that her agreement with her father constitutes coercion resulting in an abortion. We reject this view for several reasons. First, there are no facts before the trial court which support a finding of coercion. We review only the petition of the plaintiff and the facts therein alleged. The mere fact that she made the agreement alleged does not mean that she was coerced in the sense of forced. Section 188.039 merely requires the physician to certify that before he performs an abortion he is satisfied that he has received an informed consent, given freely and without coercion. Even if the facts pleaded in the petition may be read on the basis that plaintiff was induced or persuaded to have an abortion it does not conclusively follow that the decision to have an abortion was coerced. In view of the fact that an abortion was performed there is a presumption that the doctor complied with the requirements of § 188.039.
Second, the defendants are the estate of H.A.G. and beneficiaries of the trust which will follow from the probate of the estate. They stand in the shoes of H.A.G. and have no standing to raise the issue of coercion, on the basis of the statute or otherwise. Coercion or fraud renders a contract voidable and the right accrues *640 to the person coerced to either treat the contract as binding or to refuse to be bound. Yost v. Seigfreid, 234 S.W.2d 231, 233 (Mo.App.1950). Only plaintiff has standing to raise the issue of coercion. In addition, plaintiff has a constitutional right to decide to suffer an abortion under certain circumstances not excluded by the petition. Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973). Section 188.039 RSMo Cum.Supp. 1984 does not support the judgment of the trial court. On the contrary it confirms that an abortion is lawful under described circumstances if done within Roe v. Wade limitations.
With regard to the issue of whether or not an agreement resulting in an abortion is unenforceable as a matter of public policy we find no statutory or case authority to support the judgment of the trial court in dismissing Count I of plaintiff's petition if done for that reason. Defendants do not cite and we have not found any authority supporting that proposition. On the contrary Roe v. Wade and the provisions of Chapter 188 RSMo support a contrary view. Both that case and the statute recognize that abortions under certain circumstances are lawful. They are not illegal per se. Nothing alleged in the petition requires a finding as a matter of law that plaintiff's actions were illegal or that the agreed abortion was per se unlawful consideration nor was it the only consideration. H.A.G. and L.G. were related as father and daughter. No stranger was involved. Family harmony and reconciliation were also involved and both are naturally encouraged as a matter of public policy. The trial court erred if it ignored the implication derived from statutory and case law authority that lawful consideration, even an abortion, is legally sufficient as a matter of public policy. We review a pleadings dismissal. If the evidence at trial establishes an unlawful abortion, the result may be the reverse.
The estate has raised an additional issue in its brief filed in this court which was not presented to the trial court. It argues § 474.155 RSMo Cum.Supp. 1984 (effective January 1, 1981) prohibits the enforcement of an oral contract to make a will on the present facts. That section changed the substantive law for any will executed after January 1, 1981. After that date a contract to make a will or devise, to revoke or not to revoke a will or devise, or to die intestate can be established only by (1) provisions of a will stating material provisions of the contract; (2) an express reference in a will to a contract and extrinsic evidence proving the terms of the contract; or (3) a writing signed by the decedent evidencing the contract. Under the provisions of this section, if applicable, plaintiff could not succeed and the order of the trial court should be sustained. However, because this section changes the substantive law and because it is effective after the date of the execution of H.A.G.'s will, this section does not apply. It cannot be applied retroactively. Butler v. Butler, 698 S.W.2d 545, 549 (Mo.App.1985). The will of H.A.G. was executed on January 18, 1980.
We affirm the dismissal as to Count II of plaintiff's petition. We reverse and remand Count I for further proceedings not inconsistent with this opinion.
PUDLOWSKI, P.J., concurs in result.
CRANDALL, J., dissents in separate opinion.
CRANDALL, Judge, dissenting.
I dissent. The agreement which resulted in an abortion should be unenforceable as a matter of public policy. The statutory and case law authority simply makes an abortion not unlawful under certain circumstances. That does not mean that L.G. is entitled to a financial reward for her action. I do not believe that public policy has gone that far.